## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER, an individual,

        Plaintiff,

    v.

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK, an
individual and officer; and DOES 1-50,

        Defendants.

No. 1:20-CV-00237(KK)(SCY)

## DEFENDANTS MEOW WOLF, INC. AND VINCE KADLUBEK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR VIOLATION AND THREATENED VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT, COPYRIGHT INFRINGEMENT, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, CONVERSION, MISREPRESENTATION, AND CONSTRUCTIVE TRUST

Defendants Meow Wolf, Inc. ("MWI") and Vince Kadlubek ("Kadlubek" and, with MWI, "Defendants"), through their attorneys, Frankfurt Kurnit Klein & Selz, P.C., as and for their Answer and affirmative defenses to Plaintiff Lauren Oliver's ("Oliver" or "Plaintiff") Complaint For Violation and Threatened Violation of the Visual Artists Rights Act, Copyright Infringement, Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Conversion, Misrepresentation, and Constructive Trust, state as follows:

### JURISDICTION AND VENUE

1.    In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that this is an action brought under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq.*, Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, and state law, but deny that any violation occurred under these laws.

2.      The allegations set forth in Paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3.      The allegations set forth in Paragraph 3 of the Complaint contain legal conclusions to which no response is required.

## THE PARTIES

4.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 contains a definition of terms to which no response is required.  To the extent a response is required, Defendants will adopt the definition included in Paragraph 6.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      In response to the allegations set forth in Paragraph 8 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the existence or identity of the Doe Defendants, and deny that Plaintiff's rights were infringed.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations with respect to the unidentified Doe defendants.  With respect to Kadlubek, Defendants admit that he was an officer of MWI at times relevant to this action.  Defendants deny the remaining allegations, including that Plaintiff's rights were violated.

## GENERAL ALLEGATIONS

10.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and refer the Court to the Exhibit referenced therein for proof of its contents.

13.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding an ISQ show at a Santa Fe gallery or Plaintiff's alleged focus.  Defendants admit that, in or about 2014, MWI had secured a lease from George R.R. Martin to a bowling alley in Santa Fe and that they were soliciting proposals for HoER.  Defendants deny the remaining allegations.

16.     In response to Paragraph 16 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  In

response to Paragraph 20 of the Complaint, Defendants admit that MWI had secured a ten-year lease on the location for HoER.  Defendants deny sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.

21.    Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations set forth in Paragraph 22 of the Complaint, and refer the Court to the documents and website referenced therein for the proof of their contents.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.    Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 26 of the Complaint, and deny that Defendants made any "offer" to Plaintiff.

27.    Paragraph 27 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI, and deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.     In response to the allegations set forth in Paragraph 29 of the Complaint, Defendants admit that MWI offered artists a "Bonus Program" but deny the remaining allegations.

30.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, except deny that Defendants infringed Plaintiff's rights in Space Owl and/or ISQ and direct the Court to the items referenced therein for proof of their contents.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI.  Defendants admit that in approximately 2018, MWI presented Oliver with a draft agreement regarding MW's use of Space Owl, but Oliver rejected the draft agreement, and refer the Court to the draft agreement for proof of its contents.

32.     In response to the allegations set forth in Paragraph 32 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI.  Defendants admit that in approximately 2018, MWI presented Oliver with a draft agreement regarding MW's use of Space Owl, but Oliver rejected the draft agreement, and refer the Court to the draft agreement for proof of its contents.

33.     In response to the allegations set forth in Paragraph 33 of the Complaint, Defendants admit that, in or about June 2018, Oliver asked MWI not to further use Space Owl in merchandising, but deny the remaining allegations.

Case 1:20-cv-00237-KK-SCY   Document 30   Filed 08/03/20   Page 6 of 19


34.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, except deny the allegations regarding MWI's alleged conduct.

35.     Paragraph 35 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, except admit that, in approximately 2019, MWI received an investment of venture capital.

37.     Paragraph 37 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants admit that representatives of MWI met with Oliver in or about 2019 in an effort to settle the dispute between them.  Defendants deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     In response to the allegations set forth in Paragraph 38 of the Complaint, Defendants admit that Oliver received and accepted at least $2,000 from MWI for the installation and use of Space Owl and/or ISQ.  Defendants deny sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a

belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and refer the Court to the actions identified therein for proof of their contents.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     The allegations set forth in Paragraph 44 of the Complaint involve settlement negotiations between the parties, which are shielded from disclosure.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of their contents.

46.     In response to Paragraph 46 of the Complaint Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding Oliver's feelings, thoughts or expectations regarding HoER and/or MWI, and deny the remaining allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

## SPECIFIC ALLEGATIONS

48.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and refer the Court to the copyright registrations referenced therein for proof of their contents.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     The allegations set forth in Paragraph 50 of the Complaint contain legal conclusions to which no response is required.

51.     The allegations set forth in Paragraph 51 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.

53.     In response to Paragraph 53 of the Complaint, Defendants admit that, in approximately 2019, MWI received an investment of venture capital.  Defendants deny the remaining allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants admit that HoER has been featured in press and in social media posts and refer the Court to those documents for proof of their contents, and deny the remaining allegations set forth in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of its contents.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

8

58.     In response to Paragraph 58 of the Complaint, Defendants admit that a publication included HoER as #25 in a list entitled "The 100 Works of Art That Defined the Decade," and refer the Court to the list for proof of its contents.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of their contents.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 62 of the Complaint and refer the Court to the website referenced therein for proof of its contents.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint, and refer the Court to the Exhibit referenced therein for proof of its contents.

64.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint, except deny the allegations in Paragraph 67 related to MWI's conduct.

68.     The allegations set forth in Paragraph 68 of the Complaint involve settlement negotiations between the parties, which are shielded from disclosure.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint, and refer the Court to the Exhibit referenced therein for proof of its contents.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     In response to Paragraph 71 of the Complaint, Defendants admit that Oliver received and accepted $2,000 from MWI for the installation and use of Space Owl and/or ISQ.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement against All Defendants)**

72.     Defendants repeat and reallege their responses set forth in Paragraph 1-71 as if fully set forth herein.

73.     The allegations set forth in Paragraph 73 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in paragraph 74.

75.     Defendants deny the allegations set forth in paragraph 75.

76.     Defendants deny the allegations set forth in paragraph 76.

77.     Defendants deny the allegations set forth in paragraph 77.

10

78.     Defendants deny the allegations set forth in paragraph 78.

79.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint, except deny any infringement of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

### (Violation and Threatened Violation of VARA against All Defendants)

80.     Defendants repeat and reallege their responses set forth in Paragraph 1-79 as if fully set forth herein.

81.     The allegations set forth in Paragraph 81 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint.

82.     The allegations set forth in Paragraph 82 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint.

86.     The allegations set forth in Paragraph 86 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint.

87.     The allegations set forth in Paragraph 87 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint, except deny that Plaintiff's rights were violated.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract against All Defendants)

90.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

91.     Defendants are concurrently moving to dismiss this cause of action.  Accordingly, no response to this allegation is required at this time.

92.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

93.     Defendants are concurrently moving to dismiss this cause of action.  Accordingly, no response to this allegation is required at this time.

94.      Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

95.      Defendants are concurrently moving to dismiss this cause of action.  Accordingly, no response to this allegation is required at this time.

## FOURTH CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing against All Defendants)

96.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

97.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

98.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

99.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment against All Defendants)

100.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

101.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

102.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

103.     Defendants are concurrently moving to dismiss this cause of action. Accordingly, no response to this allegation is required at this time.

**SIXTH CLAIM FOR RELIEF**

**(Conversion against All Defendants)**

104.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

105.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

106.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

107.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

108.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

109.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

**SEVENTH CLAIM FOR RELIEF**

**(Intentional Misrepresentation against All Defendants)**

110.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

111.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

112.    Defendants are concurrently moving to dismiss this cause of action.  Accordingly,

no response to this allegation is required at this time.

14

113.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

114.    Defendants are concurrently moving to dismiss this cause of action.  Accordingly,

no response to this allegation is required at this time.

115.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

## EIGHTH CLAIM FOR RELIEF[1]

### (Negligent Misrepresentation against All Defendants)

116.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

117.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

118.    Defendants are concurrently moving to dismiss this cause of action.  Accordingly,

no response to this allegation is required at this time.[2]

119.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

120.    Defendants are concurrently moving to dismiss this cause of action.  Accordingly,

no response to this allegation is required at this time.

---

[1] The Complaint contains an error.  The Cause of Action for Negligent Misrepresentation is mistakenly identified as the Seventh Claim for Relief, despite the fact that the preceding claim is also the "Seventh Claim for Relief".  In the interest of clarity, Defendants have renumbered this claim as Oliver's Eighth Claim for Relief.

[2] The Complaint contains a numbering error.  Following Paragraph 117, the numbering returns to Paragraph 1-7.  In the interest of clarity, Defendants have corrected this error by renumbering the paragraphs as 118-124.

121.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

## NINTH CLAIM FOR RELIEF

### (Constructive Trust against All Defendants)

122.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

123.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

124.    Defendants are concurrently moving to dismiss this cause of action.

Accordingly, no response to this allegation is required at this time.

## AFFIRMATIVE DEFENSES

And as for their affirmative defenses, Defendants allege as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all additional affirmative defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

16

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants had an express or implied license to use Plaintiff's work and it did not exceed the scope of the license.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, to the extent any copyright registrations are asserted by Plaintiff as covering the work at issue, Defendants allege that some or all of such copyrights may be invalid and/or unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, because Defendants did not willfully infringe any intellectual property or other rights owned by Plaintiff.  Defendants have acted in good faith without any intention of injuring Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no injury or damage as a result of any act or conduct of Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

17

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request a judgment dismissing Plaintiff's Complaint and/or

that the Court enter judgment in their favor and against Plaintiff on all claims asserted in this

action, along with an award of costs, disbursements and reasonable attorneys' fees, in addition to

other such relief as this Court deems just and proper.

Dated: August 3, 2020.

Respectfully submitted,


THE BENNETT LAW GROUP

By: /s/ *Talia V. Kosh*
    Talia V. Kosh
    430 St. Michael's Drive, Ste. 703
    Santa Fe, New Mexico 87505
    Phone: (505) 983-9834
    Fax: (505) 983-9836
    Email: tk@thebennettlawgroup.com

    and

    FRANKFURT KURNIT KLEIN & SELZ, P.C.
    Maura J. Wogan*
    Nicole Bergstrom*
    28 Liberty Street, 35th Floor
    New York, New York 10005
    Phone: (212) 980-0120
    Fax: (212) 593-9175
    Email: mwogan@fkks.com
    Email: nbergstrom@fkks.com
    * admitted *pro hac vice*
    *Attorneys for Defendants Meow Wolf, Inc.*
    *and Vince Kadlubek*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August, 2020, the foregoing pleading was served via ECF, which notified the following counsel at the following addresses:

Jesse A. Boyd, Esq.
Andrew Chan, Esq.
ERICKSEN ARBUTHNOT
2300 Clayton Road, Ste. 350
Concord, California 94520
jboyd@ericksenarbuthnot.com
achan@ericksenarbuthnot.com

and

Vincent J. Ward, Esq.
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, PA
20 First Plaza Center NW, #700
Santa Fe, New Mexico 87102
vjw@fbdlaw.com

*Attorneys for Plaintiff*

THE BENNETT LAW GROUP

By: /s/ Talia V. Kosh
　　Talia V. Kosh
　　tk@thebennettlawgroup.com
　　*Local Counsel for Defendants Meow Wolf, Inc.*
　　*and Vince Kadlubek*