## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

      Plaintiff,

vs.                                      Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

      Defendants.

### DEFENDANTS MEOW WOLF, INC. AND VINCE
### KADLUBEK'S RESPONSE TO PLAINTIFF LAUREN OLIVER'S
### MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Defendants Meow Wolf, Inc. and Vince Kadlubek, through their undersigned counsel, respectfully submit the following response to Plaintiff Lauren Oliver's Motion for Leave to File First Amended Complaint.

### INTRODUCTION

The Court's scheduling order set a deadline of November 20, 2020 for plaintiff to move to amend the pleadings. Doc. 53, at 2. Plaintiff filed her motion for leave amend her complaint more than three months after that deadline passed. *See* Motion to Amend, Doc. 77. Plaintiff had all the information for her proposed amendment well before the November 20 deadline—demonstrably so because plaintiff's counsel called defendants' counsel on October 26, 2020, nearly a month before the deadline, to say he would be seeking to amend the complaint. Declaration of Benjamin Allison (Allison Declaration), ¶ 2. Almost a month later—and still a week before the November 20 amendment deadline—plaintiff's counsel wrote a letter to defendants' counsel reciting his intention to amend. Allison Declaration, ¶ 3. The factual allegations in the proposed amendment

have been known to plaintiff since 2008. Yet plaintiff failed to move to amend her complaint within the Court's deadline.

The Court gave plaintiff an extended deadline to amend her claim for conversion. When plaintiff's conversion claim was dismissed on November 25, 2020, the Court granted a specific deadline allowing plaintiff to amend her conversion claim within 30 days, or by December 28, 2020. Despite knowing then all the facts included in her proposed amended complaint, and despite the extended deadline for amending her conversion claim, plaintiff did not comply with it. Meanwhile the parties have conducted extensive discovery on the allegations and claims in the original complaint.

Now, with discovery closing April 30, 2021, expert reports being prepared and disclosed, and three months after the Court's deadline for amended pleadings, plaintiff now wishes to add new allegations and claims. The proposed new allegations involve conduct from as early as 2008 that were within the plaintiff's knowledge when she filed the original complaint. Plaintiff is seeking to inject these new facts and legal theories simultaneously with the final press of discovery—plaintiff is also seeking to schedule twelve depositions before the close of discovery, after taking only one deposition in the first seven months of discovery. Allison Declaration, ¶¶ 4– 5. Defendants will have no opportunity to conduct discovery on the newly filed allegations and claims because these untimely amendments will leave no time for written discovery. The deposition of the plaintiff will have occurred before this motion is briefed. *Id.* ¶ 7.

This Court should deny plaintiff's motion for three reasons. First, plaintiff's amendments are not based on any newly discovered information but instead are based on information known at the time of the original complaint. Second, these amendments inject substantial new allegations

which unduly interfere with the defendants' ability to prepare their case. Third, plaintiff's conversion and promissory estoppel amendments each fail to state a claim and are therefore futile.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 16(b)(4) provides that a 'schedule may be modified only for good cause and with the judge's consent.' Rule 15(a)(2) states that '[t]he court should freely give leave [to amend pleadings] when justice so requires.' A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards. If the movant fails to satisfy either factor—(1) good cause or (2) Rule 15(a)—the district court does not abuse its discretion in denying her motion for leave to amend." *Rehburg v. Bob Hubbard Horse Transp., Inc.*, 2020 U.S. Dist. LEXIS 18940, at \*5 (D.N.M. Feb. 5, 2020) (internal citations omitted).

**I**
### PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE PLAINTIFF FAILED TO ACT DILIGENTLY AND HER MOTION IS UNTIMELY

Scheduling orders are at the heart of judicial efficiency, providing a level playing field for the case which the parties had input in establishing. In the Tenth Circuit, "the good cause standard requires the movant 'to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Hallum v. Four Corners OB-GYN.*, 2019 U.S. Dist. LEXIS 113219, at \*11 (D.N.M. July 9, 2019) (citing *Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. . . Examples of good cause include 'if plaintiff learns new information through discovery or if the underlying law has changed.' If, however, 'the plaintiff knew of the underlying conduct but simply failed to raise [the] claims . . . the claims are barred." *Id.* citing *Gorsuch*, 771 F.3d at 1240.

Here, plaintiff's proposed amendments make clear that the new allegations are from old information known to plaintiff for years. Doc. 77 at 4, ¶¶ 10, 11. For example, plaintiff wishes to allege that her "involvement in tech ventures, and career in the entertainment industry in New York, London, and Los Angeles" created her belief that defendants would compensate her with equity "proportionate to her investment." *Id.* at 17, ¶ 77. These new allegations were well known to plaintiff when she filed her original complaint, and inject extensive new factual inquiries for discovery.

When determining whether good cause exists, courts in the Tenth Circuit focus their analysis on the movant's reasons or justifications for their delay. See *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Courts have denied motions to amend after the scheduled deadline when the movant cannot demonstrate excusable neglect. *See Quimbey v. Cmty. Health Sys.*, 2015 U.S. Dist. LEXIS 196472, at *8 (D.N.M. Sep. 15, 2015) (denying leave to amend because plaintiff's failure to allege facts he was aware of in original complaint was not excusable neglect).

Each new factual allegation supporting the new legal claims alleges events within plaintiff's knowledge occurring as early as 2008, or as the motion puts it, the new allegations "arise from" the same set of facts as the original complaint. Doc 77, at 4, ¶¶ 10, 11. Plaintiff wishes to add allegations that she has known members of Meow Wolf since the collective was formed, and that she participated in early Meow Wolf projects including a Halloween show in 2008. *Id*. at 9–10, ¶ 14. Plaintiff could have pleaded these matters in the first complaint but chose to omit

them. *Id.* New allegations based on old knowledge should be barred after a scheduling order deadline. See *Gorsuch*, 771 F.3d at 1240.[1]

Plaintiff's disregard for the scheduling order is directly at odds with our Circuit's emphasis on diligence. "[T]he good cause standard requires the movant 'to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Hallum*, 2019 U.S. Dist. LEXIS 113219, at *11 (D.N.M. July 9, 2019) (citing *Gorsuch,* 771 F.3d 123 at 1240). Paragraphs 15, 16, 17 of the motion, along with the attached declarations, concede that Plaintiff had a settled intention to seek this amendment before the deadline. Doc. 77 at 4–5.

### A.  Plaintiff's Motion Should Also be Denied under Rule 15(a) for Undue Delay

In this Circuit, courts have applied a similar analysis when examining untimeliness under Rule 15(a). "[I]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend. . . Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Front Row Techs., LLC., v. NBA Media Ventures, LLC.*, 163 F. Supp. 3d 938, 974 (D.N.M. 2016) (internal citations and quotes omitted).

Plaintiff asserts there was only a "brief delay in moving to amend." Doc. 77 at 5, ¶ 17. But Plaintiff filed the original complaint over a year ago and this case is now in the final forty days of discovery. *See* Complaint, Doc 1; Doc. 53. Plaintiff is attempting to set twelve depositions after taking only one in the first seven months of discovery. Allison Declaration, ¶¶ 4–5. In this Circuit, a movant engages in undue delay when she had the prior ability to plead the amended allegation

---

[1] The Court's scheduling order cited *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014), providing plaintiff with additional notice of these requirements. Doc. 53, at 2 n.2.

yet failed to timely file. See *Childress v. Liberty Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 74577 (D.N.M. May 1, 2018) (denying leave to amend when plaintiff advanced new legal theories based on information previously known when faced with the possibility of dismissal); See also W*oolsey v. Marion Labs., Inc.*, 934 F.2d 1452 (10th Cir. 1991) (affirming denial of leave to amend on untimeliness grounds, seventeen months after the original complaint was filed).

Plaintiff's only justification for her delay is that she strategically waited to see how the Court ruled on the motion to dismiss her original complaint. *Id.* at 5, ¶ 17. But amendment of pleadings should not be a game where dismissal of one claim leads to an attempt to amend to add a different theory. This Court has noted that Rule 15 does not envision an amendment every time the Court dismisses a claim because allowing these amendments would turn the complaint into a moving target. See *Gutierrez v. Luna Cty.*, 2014 U.S. Dist. LEXIS 200434 at *16-17 (D.N.M. Sep. 23, 2014) (noting that courts properly deny leave to amend when "the plaintiff is using Rule 15 to make the complaint into a moving target, to salvage a lost case by untimely suggestion of new theories of recovery").

Plaintiff's proposed promissory estoppel amendment appears to be offered in response to language in the Court's ruling on Plaintiff's original complaint: "It is certainly possible that Plaintiff will be unable to prove the existence of a valid and binding contract at summary judgement or trial because the parties' alleged agreement is too indefinite to be enforced" and holding that the breach of contract allegations had only been "nudged over the line" for purposes of 12(b)(6). Memorandum Opinion and Order, Doc. 59 at 13. Nothing prohibited the timely pleading of promissory estoppel except Plaintiff's strategy. Plaintiff's decision to disregard the scheduling order was strategically dilatory—not a diligent attempt to meet the deadline. Her motion for leave to amend should be denied on these grounds alone.

Plaintiff argues that, on the one hand, the amended claims "arise from" the same facts as the original complaint and on the other hand that her delay was in the "interest of efficiency, avoidance of unnecessary delays, and to preserve judicial resources." Doc. 77 at 4-5, ¶¶ 10, 11, 17. Instead, plaintiff's delay would make the complaint a moving target by injecting new claims and allegations that Plaintiff could have pled initially but decided against. See *Bivens by & through Green v. Albuquerque Pub. Sch.*, 1997 U.S. App. LEXIS 34008 (10th Cir. Dec. 2, 1997) (affirming denial of leave to amend on untimeliness grounds because counsel and the Plaintiff failed to plead facts they had known of for at least fourteen months).

## II
## PLAINTIFF'S UNDUE DELAY
## IS PREJDUICAL TO THE DEFENDANTS

Defendants would be unduly prejudiced by this late amendment, which would destroy their right to timely and thoughtful written and oral discovery on the claims to be tried. First, the introduction of promissory estoppel and its unique scope of damages will require significant investigation into plaintiff's alleged reliance interests. Second, the entirely new VARA allegation is a highly technical claim and will require additional investigation into exactly how plaintiff has been credited for Space Owl and ISQ for the last five years across many platforms. Finally, the amended copyright claims introduce allegations that plaintiff is the sole author of the works, necessitating further discovery and potentially additional subpoenas. Each of plaintiff's amendments would impose delays, add significant financial costs, and impede defendants' ability to know what the allegations against them are and defend them effectively.

By the time this motion is briefed and submitted to the Court for decision, defendants will have deposed the plaintiff without knowing whether the new allegations and claims are in or out of the case. Allison Declaration, at ¶ 6. There will be no time to prepare even written discovery on

the new claims that could be answered within the discovery period. At the same time, in the remaining days before discovery closes, plaintiff is seeking to take twelve fact depositions, while expert reports are being prepared and five experts will need to be deposed. *Id.* at 5–6. Defendants will not have a fair chance to conduct discovery on the proposed amended pleading. *See EEOC v. BOK Fin. Corp.*, 2013 U.S. Dist. LEXIS 191427 (D.N.M. January 31, 2013) (denying leave to amend as unduly prejudicial because the introduction of new claims would require reopening discovery.) *See also Myers v. All. for Affordable Servs*., 371 F. App'x 950, 961 (10th Cir. 2010) (unpublished) (affirming a denial of leave to amend as unduly prejudicial because the new claims required additional discovery).

### III
### PLAINTIFF'S CONVERSION AND
### PROMISSORY ESTOPPEL AMENDMENTS
### SHOULD ALSO BE DENIED ON FUTILITY GROUNDS

An amendment is futile if the pleading, "as amended, would be subject to dismissal." *Front Row Techs., LLC.,* 163 F. Supp. 3d at 973. Plaintiff has failed to plead facts that support a claim for conversion.

#### A. Plaintiff's Proposed Conversion Amendment is Both Negated by Her Factual Allegations and Preempted by Federal Copyright Law

To prove conversion, a plaintiff must show one of three situations: 'the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made.'" *Ortiz v. N.M. Dep't of Cultural Affairs*, 2018 U.S. Dist. LEXIS 2536, at *12 (D.N.M. Jan. 5, 2018) (citing *Muncey v. Eyeglass World, LLC*, 2012-NMCA-120, ¶ 22, 289 P.3d 1255).

Plaintiff has failed to plead facts to support conversion under any of these three theories. The amended conversion claim merely enumerated the elements of conversion rather than alleging

what actions constituted wrongful possession or unlawful dominion and control. In addition, the proposed amendment also fails to allege what actions by the defendants constituted wrongful possession or unlawful dominion and control. See *Hollow Spirits, LLC v. Corson Distilling Sys.*, U.S. Dist. LEXIS 72851, at *18 (D.N.M. Mar. 9, 2020) ("A pleading that offers mere legal conclusions, or a recitation of the elements of a cause of action, is insufficient.").

Plaintiff's allegations in fact negate conversion. Plaintiff alleges in paragraphs 26 and 27 of the proposed amended complaint that she willingly installed Space Owl and ISQ at Meow Wolf. Doc 77 at 11. Then in paragraphs 44 and 70 of the proposed amended complaint, plaintiff alleges she has refused defendants' proposed return of Space Owl and ISQ multiple times. *Id.* at 13, 16. "To state a claim for relief, the complaint must contain sufficient factual matter, accepted as true, to show that the claim is plausible on its face." *Hollow Spirits*, 2020 U.S. Dist. LEXIS 72851, at *18. Accepting plaintiff's facts as true, she willingly placed Space Owl and ISQ at Meow Wolf and then continually demanded that defendants retain possession of it. These facts cannot plausibly support a claim for conversion.

Plaintiff does allege that in June 2018 she demanded defendants refrain from "using the Space Owl until their relationship had been formalized." Doc. 77 at 12, ¶ 33. Since plaintiff has failed to plead sufficient facts to support the first and third conversion situations, her claim can only be understood as alleging an unauthorized and injurious "use" of Space Owl. But the only "use" plaintiff pleads is display of Space Owl. *Id.* at 12–14, ¶¶ 35, 45. Display of a copyrighted work is one of the statutory exclusive rights of a copyright owner under the Copyright Act. 17 U.S.C. § 106(5). Consequently any claim relating to display of a copyrighted work is preempted by federal law. *BC Tech., Inc. v. Ensil Int'l Corp.*, 464 F. App'x 689, 698 (10th Cir. 2012) (holding the Copyright Act preempts state-law claims if (1) the work is within the subject matter of

copyright and (2) the rights at issue are equivalent to an exclusive right provided by copyright law). Space Owl is alleged to be a copyrighted work, and the right to display it is a right exclusively protected by copyright. 17 U.S.C. § 106 ("The owner of copyright under this title has the exclusive rights to do and to authorize any of the following: . . .to display the copyrighted work publicly . . . ."); *Dryer v. NFL*, 814 F.3d 938 (8th Cir. 2016) (holding professional football players' state-law rights of publicity were preempted by the Copyright Act where the "use" of their likenesses and identities was in game footage, since the footage was "a work within the subject matter of copyright.").

Plaintiff's attempt to avoid the preemption problem by stating her conversion claim does not assert conversion of "Oliver's copyrights" is unavailing. Doc. 77 at 22, ¶ 127. Accepting as true that plaintiff is not asserting conversion of Space Owl's right of display under copyright law, there is no other use of Space Owl that has been alleged to be wrongful. Accordingly, Plaintiff's conversion claim is futile because it fails to adequately plead any facts which can support a claim for conversion.

### B. Plaintiff's Proposed Promissory Estoppel Amendment Lacks An Allegation of Any Specific Promise that Induced Plaintiff's Reliance

"The elements of promissory estoppel are (1) an actual promise was made that in fact induced the promisee's action or forbearance; (2) the promisee's reliance on the promise was reasonable; (3) the promisee's action or forbearance amounted to a substantial change in position; (4) the promisee's action or forbearance was actually foreseen or reasonably foreseeable to the promisor when making the promise; and (5) enforcement of the promise is required to prevent injustice." *Long v. Lockheed Martin Servs.*, 2009 U.S. Dist. LEXIS 139748, at *13 (D.N.M. Mar. 5, 2009).

Plaintiff's amended complaint fails to plead any substantive information about what comprised the alleged promise. Instead, plaintiff offers the same ambiguous descriptions of a revenue share that this Court held were too indefinite to support a claim for an ownership interest in Meow Wolf. Doc 59 at 14. The amended complaint alleges that plaintiff was promised a "back-end payment" of an "Artist Revenue Share," but it fails to allege any financial content of that promise. Doc. 77 at 17, ¶ 74. For example, plaintiff offers no promised amount or percentage she relied on. In addition, the complaint attempts to **combine** many ambiguous and different alleged promises into one. Paragraph 75 alleges multiple promises were made and changed as the "pitch" became more "polished." *Id.* at ¶ 75. Plaintiff has failed to allege what promise specifically induced her actions.

In an attempt to cure these ambiguities, plaintiff draws on her subjective understanding to supplement details of alleged promises to her. *Id.* at ¶ 77. But plaintiff's subjective understanding of how companies, in different industries, and in different cities ("Silicon Valley, . . . New York, London, and Los Angeles," *Id.*) structured back-end payments is irrelevant to the facts at issue in this case. In addition, courts have held that a subjective understanding of a promise cannot be a basis for a promissory estoppel claim. *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1021-22 (10th Cir. 2002) (holding plaintiff's "subjective understanding" "insufficient to support the [promissory estoppel] claim"); *Shield v. Monarch Props.*, 2005 U.S. Dist. LEXIS 62691, at *5-6 (D.N.M. Sep. 29, 2005) (holding that a plaintiff's "subjective understanding [of a promise] is insufficient to support a promissory estoppel claim"). An amendment is "futile" if the pleading, "as amended, would be subject to dismissal." *Front Row Techs.,* 163 F. Supp. 3d 938 at 973. Therefore, plaintiff's promissory estoppel amendment should be denied.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff Lauren Oliver's Motion for Leave to File a First Amended Complaint, and for such other and further relief as this Court shall deem just and proper.

Dated March 15, 2021.

Respectfully submitted,

BARDACKE ALLISON LLP

By: /s/ *Benjamin Allison*
  Benjamin Allison
  Breanna Contreras
  Victor Grafe III
  P.O. Box 1808
  141 E. Palace Avenue
  Santa Fe, NM  87504-1808
  505-995-8000
  ben@bardackeallison.com
  breanna@bardackeallison.com
  victor@bardackeallison.com

  *Counsel for Defendants Meow Wolf, Inc.*
  *and Vince Kadlubek*

## CERTIFICATE OF SERVICE

I, Benjamin Allison, hereby certify that on this 15th day of March, 2021 I caused a true and correct copy of the foregoing *Defendants Meow Wolf. Inc. and Vince Kadlubek's Response in Opposition to Plaintiff Lauren Oliver's Motion for Leave to Amend* to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON LLP

By:     /s/ *Benjamin Allison*
        Benjamin Allison