IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

v.    Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

    Defendants.

## REPLY DECLARATION OF JESSE A. BOYD IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT MEOW WOLF, INC.

I, Jesse A. Boyd, declare:

1.    I am an attorney duly licensed to practice law before the United States District Court for the District of New Mexico.  I am an attorney of record for Plaintiff Lauren Adele Oliver in the above-captioned matter.  I have personal knowledge of the facts contained herein and could testify competently if called upon to do so.

2.    Attached hereto as Exhibit A is a true and correct copy of an email exchange between Lauren Oliver and Vince Kadlubek dated April 22, 2015.

3.    Attached hereto as Exhibit B is a true and correct copy of the following article:  Ben Davis, The 100 Defining Works of the Decade, Part 4, ARTNET, Jan. 1, 2020.

4.    Attached hereto as Exhibit C is a true and correct copy of the following web page: Themed Entertainment Association, Thea Awards 2017 – Thea Award for Outstanding Achievement – Connected Immersion on a Limited Budget; available at

https://www.teaconnect.org/Thea-Awards/Past-Awards/index.cfm?id=6889, last accessed Mar. 22, 2021

5. Attached hereto as Exhibit D is a true and correct copy of the following article: Christina Rees Neil Fauerso, How do You Solve a Problem Like Meow Wolf, GLASSTIRE, Oct. 1, 2018, available at https://glasstire.com/2018/10/01/how-do-you-solve-a-problem-like-meow-wolf/, last accessed Mar. 22, 2021.

6. Attached hereto as Exhibit E is a true and correct copy of an email exchange produced in discovery between Drew Tulchin to Vince Kadlubek, Sean Di Ianni, and Corvus Brinkerhoff, October 6, 2016.

7. Attached hereto as Exhibit F is a true and correct copy of Meow Wolf Inc.'s Supplemental Answers to Plaintiff's First Set of Interrogatories served in this case.

8. Attached hereto as Exhibit G is a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant Meow Wolf, Inc. served in this matter.

9. Attached hereto as Exhibit H is a true and correct copy of Defendant Meow Wolf, Inc.'s Answers and Objections to Plaintiff's First Set of Interrogatories served in this matter.

10. Attached hereto as Exhibit I is a true and correct copy of Plaintiff's First Set of Requests for Production of Documents or Things to Defendant Meow Wolf, Inc. served in this matter.

11. Attached hereto as Exhibit J is a true and correct copy of Defendant Meow Wolf, Inc.'s Objections and Responses to Plaintiff's First Set of Requests for Production served in this matter.

12. I have directed that the entirety of the Deposition of Kate Lesta, Oct. 8, 2020, including exhibits, shall be lodged with the court for in-camera review pursuant to Paragraph 11, sub. (b) of the protective order entered in this action (D.E. 56), but will not be filed.

13. During meet-and-confer telephone discussions leading up to the instant motion, and in which I personally participated, I understood Defendants' counsel had taken the position that, regardless of any proposed limitations on scope, Defendants would not produce any documents or

interrogatory responses related to contracts with artists other than Lauren Oliver, Meow Wolf's total revenue for any period, materials provided to potential investors, Meow Wolf ownership information, or information about investor events because the discovery sought was "irrelevant," which led counsel to conclude the parties were at an impasse on the issues.

I declare, under penalty of perjury, that the forgoing is true and correct. Executed on March 29, 2021.

By:  /s/ *Jesse A. Boyd*  
JESSE A. BOYD

I HEREBY CERTIFY that on the 29th of March 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF system causing service on all parties.

*/s/ Jesse A. Boyd*
Jesse A. Boyd