**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LAUREN ADELE OLIVER,

                      Plaintiff,

vs.                                      CIVIL NO. 1:20-cv-00237-KK-SCY

MEOW WOLF, INC., ET AL.,

                      Defendant.

**MOTION TO EXTEND RULE 16(b) SCHEDULING ORDER DEADLINES**

COMES NOW Plaintiff Lauren Oliver ("Oliver" or "Plaintiff"), and hereby moves this Court to extend the Rule 16(b) deadlines set forth in the Court's Scheduling Order (D.E. 53) by sixty (60) days pursuant to Fed. R. Civ. P. 16(b)(4), which authorizes the Court to modify its Scheduling Order "upon a showing of good cause." As grounds therefor, Oliver STATES:

1. This Court has jurisdiction over the parties.

2. On October 14, 2020, the Court issued a Scheduling Order in this case (D.E. 53), setting deadlines as follows:

   a.      Discovery due by April 30, 2021;

   b.      Non-expert Discovery Motions due by June 01, 2021;

   c.      Expert Discovery Motions due by June 14, 2021;

   d.      Pretrial Motions due by June 21, 2021; and

   e.      Proposed Pretrial Order due by September 15, 2021.

3. Oliver proposes that the Rule 16(b) deadlines be extended by sixty (60) days as follows:

   **a.**      **Discovery due by June 29, 2021;**

   **b.**      **Non-expert Discovery Motions due by August 2, 2021;**

     **c. Expert Discovery Motions due by August 13, 2021;**

     **d. Pretrial Motions due by August 20, 2021; and**

     **e. Proposed Pretrial Order due by November 15, 2021.**

4. There is good cause for granting the requested extensions for the following reasons:

     a. The initial complaint was filed in this matter on March 16, 2020, as lockdowns related to the Covid-19 pandemic began. (D.E. 1).

     b. Defendants signed waivers of service of summons on March 30, 2020.  (D.E. 9, 10).

     c. Defendants requested, and Oliver stipulated, to extend Defendants' deadline to file a responsive pleading to July 1, 2020, which was approved by the Court. (D.E. 14).

     d. Citing the severe impact of the Covid-19 outbreak, Defendants requested, and Oliver stipulated that Defendants' deadline to file a responsive pleading could be extended to August 1, 2020, which was approved by the Court.  (D.E. 17, 18).

     e. Defendants answered and filed a partial motion to dismiss on August 3, 2020. (D.E. 30, 32)

     f. The parties stipulated to limited discovery pending determination of Defendants' partial motion to dismiss, which provided that written responses to discovery requests need not be served until 14 days after determination of Defendants' partial motion to dismiss or November 20, whichever came first.  The stipulation also precluded the deposition of named parties and their principals, and limited the number of third-party depositions prior to November 20, 2020 to two (2). (D.E. 48, 53, 54).

g.   Written responses to Oliver's initial discovery requests to Defendant Meow Wolf, Inc. were served on November 20, 2020.

h.   The Court ruled on Defendants' partial motion to dismiss on November 25, 2020, denying Defendants' motion as to all claims except Plaintiff's claim for conversion.

i.   The parties met and conferred at length regarding Meow Wolf's discovery responses, which led to Plaintiff filing a motion to compel on February 22, 2021, which motion remains pending. (D.E. 72)

j.   On March 30, 2021, Plaintiff filed a notice of completion of briefing on her motion to compel. (D.E. 91)

k.   On April 12, 2021, Defendant Meow Wolf filed a motion for leave to file surreply on Plaintiff's motion to compel.  (D.E. 96)  Plaintiff currently plans to oppose Meow Wolf's motion for leave to file surreply.

l.   As outlined in Plaintiff's motion to compel, Plaintiff believes documents and information currently held by Defendants, which has yet to be produced, are critical to the completion of analysis by her experts, and her ability to properly prepare her case for trial.

m.   With Meow Wolf's motion for leave to file surreply, it is unlikely that a ruling on Plaintiff's pending motion to compel will be possible prior to the current discovery deadline.

n.   Meanwhile, Plaintiff requested employment status and dates for deposition for percipient witnesses Sarah Bradley, Dave McPherson, Benjamin Wright, and Golda Blaise on February 12, 2021.  Plaintiff sought to depose these witnesses prior to deposing Meow Wolf and its principals.  After repeatedly being told by

Defendants' counsel that they would contact the witnesses (three of whom are

current employees, and one of whom is a former employee) to coordinate their

depositions, Defendants' counsel did not provide deposition dates for Mr.

McPherson (March 24) and Mr. Wright and Ms. Bradley (April 9) until March 3,

2021.

o.  Defendants' counsel has continued to represent that they have been in contact

with witness Golda Blaise, but were unable to schedule her deposition.  Counsel

for Oliver reached out to Ms. Blaise directly on April 15, 2021, and she indicated

she wished scheduling to be processed through counsel for Defendants.  Counsel

for Oliver informed counsel for Defendants of this the same day.  As of writing,

Counsel for Defendants have not provided any dates for Ms. Blaise's deposition,

and appropriately scheduling Ms. Blaise's deposition prior to the current date for

completion of discovery is not reasonably possible.  Ms. Blaise is a key witness as

she was a participating artist in the House of Eternal Return venture ("HoER"),

was a participant in the Meow Wolf collective prior to HoER, and obtained an

equity interest in Meow Wolf prior to completion of HoER.

p.  Also on March 3, 2021, Plaintiff requested deposition dates for Meow Wolf

principals Emily Montoya, Corvas Brinkerhoff, Megan Brinkerhoff, Sean Di

Ianni, and Vince Kadlubek, as well as Meow Wolf's corporate representative.

Though counsel for Plaintiff provided multiple dates in March for these

depositions, the depositions of Mr. Di Ianni, Mr. Kadlubek, Ms. Brinkerhoff and

Mr. Brinkerhoff did not proceed until April 14, April 16, and April 19 (1/2-day

for Mr. and Ms. Brinkerhoff) respectively per the scheduling dictates of

Defendants' counsel.

q.  Due, at least in part, to repeated lengthy and non-responsive answers to counsel's questioning, Mr. Kadlubek's deposition session on April 16, 2021 ended with considerable areas of inquiry left to be discussed, including Mr. Kadlubek's participation in the decision to force Plaintiff to sell Meow Wolf her intellectual property in her work, or remove it from HoER.  In addition, many inquiries to Mr. DiIanni, and Mr. and Ms. Brinkerhoff regarding who would be best to speak to issues related to, among others, the transition of Meow Wolf from collective to corporation, the mechanisms by which persons acquired equity in Meow Wolf prior to the opening of HoER, and the use of Plaintiff's work in the solicitation of investment after the opening of HoER, remain unanswered.  During meet-and-confer communications, counsel for Mr. Kadlubek has indicated his deposition will not continue without a court order.

r.  Most importantly for the purposes of this motion, information obtained during the depositions of Meow Wolf employees and principles has allowed Plaintiff to locate multiple corroborating witnesses and additional documents in support of her claims, with additional witnesses and documents being identified on an ongoing basis.  Also, Mr. Brinkerhoff provided key testimony on April 19, 2021 that an investor document containing a derivative of Plaintiff's work (D.E. 78, Exhibit E) is an example of a "pitch packet," of which there are likely dozens, if not hundreds, of others created for different locations or "pitches."  He also confirmed that typically the general information included in pitch packets would remain consistent in many cases, with only specific information about location being changed.  This testimony indicates Defendants are likely in possession of documents representing numerous violations of Plaintiff's intellectual property

rights that they have yet to produce.  Also revealed at Mr. Brinkerhoff's deposition was that a friend of Mr. Kadlubek received an equity share of Meow Wolf in exchange for the provision of services related to HoER.

s. Defendants' counsel deposed Plaintiff Lauren Oliver for a full day on March 26, 2021, spending more than 6 hours and 50 minutes on the record.  After meeting and conferring, and Defendants' counsel pointing to the complexity of the issues presented by Plaintiffs claims, the parties agreed to an additional deposition session of 5 hours, which was held on April 8, 2021.  Ultimately plaintiff sat for another full day of deposition, spending more than 6 additional hours on the record before Ms. Oliver's deposition concluded.

t. On April 12, 2021, Plaintiff issued a 30(b)(6) deposition notice to Meow Wolf for a deposition to commence on April 28, 2021.  On April 19, 2021, Meow Wolf sent a letter objecting to the notice and indicating it would not appear for deposition, but suggesting it would be open to a modified set of categories. Plaintiff's counsel sent a letter on April 20, 2021 proposing a deposition on a subset of categories, after which Defendants' counsel responded that Meow Wolf would not appear under any circumstances, and indicating it would file a motion for protective order if the notice was not withdrawn.

u. On March 29, 2021, Plaintiff's counsel asked Defendants' counsel for deposition dates for Meow Wolf principal Matt King and percipient witness Maggie Thornton.  Other witnesses have indicated Mr. King was involved in setting the level of plaintiff's revenue share, and prior to this litigation, he had been a long-time friend of Plaintiff.  Counsel for Defendants have yet to provide dates for either witness, stating that Mr. King is "unavailable."  After a final attempt to

informally schedule Mr. King's deposition, Plaintiff served notice of his deposition on April 13, 2021, setting it for April 30, 2021.  On April 19, 2021, counsel for Defendants indicated Mr. King remained "unavailable," and if the notice was not withdrawn, they would file a notice of nonattendance.

Given the sequence of events and exchanges outlined above, it has become clear completing discovery prior to the April 30, 2021 deadline has become impossible, and that there is good cause to extend the Rule 16(b) scheduling order deadlines for sixty (60) days. Defendants' counsel has indicated this motion will be opposed, and at time of writing, that position has not changed, therefore Plaintiff assumes it remains their position.  Plaintiff will withdraw the motion if a stipulation to extend is reached by the parties and approved by the Court.

WHEREFORE, Plaintiff respectfully requests the Court enter an Order granting the instant motion, along with such other relief it deems just and proper.

ERICKSEN ARBUTHNOT

By: _/s/ Jesse A. Boyd_____
    JESSE A. BOYD
    2300 Clayton Road, Suite 350
    Concord, CA 94520
    (510) 832-7770
    (510) 832-0102 facsimile
    jboyd@ericksenarbuthnot.com

*Attorneys for Plaintiff Lauren Adele Oliver*

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse A. Boyd, hereby certify that I caused a true and correct copy of the foregoing Certificate of Service for MOTION TO EXTEND RULE 16(b) SCHEDULING ORDER DEADLINES to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to received notice to be served electronically as more fully described on the Notice of Electronic Filing.

Benjamin Allison
Breanna Contreras
Bardacke Allison LLP
141 E. Palace Avenue, 2nd Floor
Santa Fe, New Mexico 98501
T. (505) 995-8000
F. (505) 672-7037
ben@bardackeallison.com
breanna@bardackeallison.com
shelby@bardackeallison.com

Respectfully submitted,

ERICKSEN ARBUTHNOT

/s/  *Jesse A. Boyd*
JESSE A. BOYD
2300 Clayton Road, Suite 350
Concord, CA 94520
(510) 832-7770
(510) 832-0102 facsimile
jboyd@ericksenarbuthnot
New Mexico Bar No. 17807
*Attorney for Plaintiff Lauren Adele Oliver*