IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

v.                                          Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

    Defendants.

**DEFENDANTS' REPLY IN FURTHER
SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Plaintiff's response makes three arguments: 1) that any delay was due to defendants withholding discovery; 2) the testimony she seeks is important enough to overlook her delay and the burden it imposes; and 3) the discovery sought is proportional to the needs of the case.

The argument that defendants Meow Wolf and Mr. Kadlubek withheld discovery is based on Meow Wolf objecting to extensive investor and ownership information of Meow Wolf— objections the Court has held were proper, and information the Court held was irrelevant. Doc. 128. Rather than withhold discovery, defendants actually sped up discovery from the initial limited scope plaintiff had agreed to. By September 2020, two months into discovery, nearly 30,000 pages of highly relevant documents were produced, including the entire contents of the computer of one of Meow Wolf's senior management team at the relevant time. Although plaintiff could have taken two depositions during the limited-discovery period, plaintiff did not use the second deposition available to her. The 30(b)(6) deposition plaintiff tried to force in the final days of discovery could

1

have been her second deposition in the limited discovery period from August to November 2020. It could also have been scheduled and taken in December, January, and February, when plaintiff made no effort to take any depositions. Plaintiff's argument that she did not take depositions because documents were being withheld from her is belied by the fact that the investor and ownership documents she sought have been held irrelevant, and she had 30,000 pages of relevant documents to prepare for and take a 30(b)(6) deposition.

Second, plaintiff argues the 30(b)(6) is so important her delay should be overlooked. But the 30(b)(6) deposition sought sixteen topics of testimony on issues far beyond this case—from Meow Wolf's pandemic PPP loan, its creation and awarding of stock options, and its solicitation of donations before the House of Eternal Return opened, to its corporate structure and ownership, its solicitation of investors, and its recruitment of volunteers. These and other topics are not merely unimportant, they are not relevant to any claim or defense in this action. Some cover exactly the ground this Court recently held irrelevant in the context of document requests and interrogatories. May 17, 2021 Order Granting in Part and Denying in Part Plaintiff's Motion to Compel (hereinafter, May 17 Order), Doc. 128.

Third, plaintiff offers no support for her assertion that this deposition and the deposition of Matt King are proportional to the needs of the case. Irrelevant deposition topics are already improper, and as to the few topics that are relevant, plaintiff has already deposed Meow Wolf's CEO and other officers at the relevant time who have all the factual knowledge sought in the 30(b)(6) deposition. Plaintiff says little about why the deposition of co-founder Matt King is important at the last minute, when she deposed several co-founders on the same revenue share topic on which she would depose Mr. King.

Most of plaintiff's response rehashes familiar narratives about an unspecified revenue share, and about Meow Wolf withholding documents that forced her to delay depositions. The claim of an unspecified revenue share has been foreclosed by the Court, and the notion that defendants withheld documents has been foreclosed by this Court's order that the documents were not discoverable. May 17 Order, Doc. 128. Plaintiff has received tens of thousands of pages of relevant documents and has taken ten depositions—in a case about an artwork that has been appraised at $5,000. Doc 117-1.

# I
# PLAINTIFF'S BLAMES OTHERS FOR HER OWN FAILURE TO TAKE TIMELY DEPOSITIONS

A. **Plaintiff Procrastinated for Months, then Crammed Eight Depositions in the Last Month of Discovery**

Plaintiff states that "discovery did not begin in earnest until November 2020," and implies that Defendants were uncooperative in their discovery productions. Plaintiff's Response to Motion for Protective Order (hereinafter, Response), Doc. 116, at 10. This is a gross mischaracterization. The stipulation entered into by the parties to limit the initial scope of discovery pending Defendants' motion to dismiss still provided for all the document discovery ordinarily available early in a case. Joint Status Report and Provisional Discovery Plan, Doc. 23, at 16–17 (listing then discoverable information). Hence, Defendants and third parties produced nearly 30,000 documents in September 2020, including the contents of the computer of Kate Lesta, the project manager during the time Plaintiff's contract was formed and her artwork was installed in the House of Eternal Return (HoER).

The stipulation on discovery ended when the undersigned entered the case, after which both parties provided written discovery responses on November 20, 2020, before they were due

under the stipulation. Certificates of Service, Docs. 58, 60. Plaintiff took three more months before beginning to schedule depositions, despite the substantial document productions and early deposition of a senior Meow Wolf manager. Motion for Protective Order (hereinafter, Motion), Doc. 100, Exhibit 2. As discovery came to a close, plaintiff noticed ten depositions between March 21, 2021, and April 15, 2021, all to take place within the last five weeks of discovery. Motion, Doc. 100, Exhibits 2–4.

With two weeks left in discovery, Plaintiff noticed a deposition of Matt King on April 15 to take place April 30, the last day of discovery. Doc. 100, Exhibit 4. Five other depositions were set during the same period. Courts have consistently looked with disfavor on such procrastinated methods of discovery. *See, e.g.*, *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320 (N.D. Ill. 2005) (finding that the plaintiff failed to give reasonable notice under Rule 30(b)(1) of the Federal Rules of Civil Procedure by waiting until ten days before the close of discovery to notice depositions of the defendant's employees, which were known for at least a year); *Borsack v. Ford Motor Company*, NO. 04Civ.3255, 2006 WL 1676842 (S.D.N.Y., June 15, 2006) (refusing to compel depositions of nine individuals at the close of discovery when defendant waited until thirteen days before the close of discovery to notice the depositions). Other than trying to shift blame, Plaintiff has provided not persuasive arguments for why the Court should not quash this eleventh hour deposition.

In addition to Matt King, Plaintiff noticed its 30(b)(6) deposition, with sixteen separate corporate testimony topics, on April 12, less than three weeks before the close of discovery. Motion, Doc. 100, Exhibit 3. In *Gulfstream Worldwide Realty, Inc. v. Philips Electronics North America Corp*, the District Court for the District of New Mexico vacated a 30(b)(6) deposition based on the plaintiff's failure to notice it until a week before the discovery deadline. No. CIV 06-

4

1165, 2007 WL 5704041, at *8 (D.N.M. Oct. 24, 2007). The court reasoned that it would be impossible for the defendant's designee to learn about "all sales, transfers, allocations, or donation of property to any of [defendant's] companies, subsidiaries, affiliates, related entities, and/or unrelated third parties" in such a short amount of time. *Id.* Plaintiff's breathtaking range of topics make the *Gulfstream* plaintiff's request look reasonable. In less than three weeks plaintiff would have Meow Wolf prepare a designee on every contract with participants in HoER, Meow Wolf's "social media presence" from 2014 to present, all intellectual property acquisition and licensing from 2014 to present; "calls for resumes/applications, hiring, contracts with independent contractors from January 2014-December 31, 2017, and layoffs/terminations through April 30, 2020; press relations and releases from 2014 to present, Meow Wolf's practices in soliciting volunteers since 2014; and numerous other unreasonable requests. Motion, Doc. 100, at 5–8. Simply put, it was impossible to accommodate Plaintiff's extremely broad and late request given the other discovery and depositions already scheduled.

The remainder of Plaintiff's argument that she did not procrastinate during discovery is that relevant documents were improperly withheld by defendants. Response, Doc. 116, at 10–12. The obvious problem with this argument, however, is that the documents were *properly* withheld subject to valid objections upheld by this court in its order on Plaintiff's motion to compel. May 17 Order, Doc. 128.

### B. Plaintiff Fails to Rebut that the Depositions would be Burdensome and Cumulative

Plaintiff argues that the information she seeks in Matt King's deposition and the 30(b)(6) deposition is relevant to her theory that she was entitled to equity in Meow Wolf, and that Meow Wolf somehow deprived her of her share. Response, Doc. 116, at 12–13. First, the Court has already concluded that Plaintiff's alleged promise of equity in Meow Wolf is foreclosed.

November 25, 2020 Memorandum Opinion and Order, Doc. 59, at 24. Additionally, the Court concluded that Plaintiff's allegations for breach of contract could not support a finding that she was promised equity in Meow Wolf, allegations which have so far gone unsupported by facts in discovery. November 25, 2020 Memorandum Opinion and Order, Doc. 59, at 14.

Plaintiff asserts in conclusory fashion that the 30(b)(6) deposition would not be burdensome to Defendants. Response, Doc. 116, at 13. Further, Matt King's deposition would not be cumulative, according to Plaintiff, because his deposition "may differ" from the plethora of testimony she has elicited so far. *Id.* at 14. These arguments are based on nothing but assertion and fail to address any of the issues Defendant brought up in its motion. Plaintiff deposed several other witnesses on the revenue sharing program and building of HoER, and although she ran out of time for more depositions, given her late start, she took ten depositions and got ample testimony. The depositions Plaintiff seeks covers ground that has been treaded and retreaded. *Id.* As indicated above, plaintiff deposed the CEO and key leaders of Meow Wolf, making a corporate deposition cumulative.

## II
## PLAINTIFF'S REQUESTS ARE DISPROPORTIONATE TO THE NEEDS OF THIS CASE

Plaintiff devotes one paragraph to arguing that Matt King's testimony and the 30(b)(6) testimony are proportionate to the needs of her case. Response, Doc. 116, at 14. She provides no legal support and gives a conclusory statement only. *Id.*

The scope of discovery has been narrowed since the 2015 amendment of Rule 26(b)(1) with the focus now on proportionality. *Benavidez v. Sandia Nat'l Labs*, 319 F.R.D. 696, 716 (D.N.M. 2017). "The burden and expense of proposed discovery should be determined in a realistic way." *Id.* (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.). The new

focus "seeks to 'eliminate unnecessary or wasteful discovery'" by cementing "the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* (quoting Chief Justice Roberts, 2015 Year-End Report on the Federal Judiciary at 6).

At each turn in this case, Plaintiff's claim has been diminished as a result of further factual discovery. The amount left in controversy is modest and this case revolves around a single transaction between Meow Wolf and one of its artists. Yet, in an obvious bid to fish beyond her claims for other issues, plaintiff seeks yet more depositions on more topics that she believes could put Meow Wolf in a bad light. The 30(b)(6) deposition seeks yet again to gain information on a massive scope related to Meow Wolf's investors and financial and business dealings. Motion, Doc. 100, at 5–8, Exhibit 3.

Taking a realistic approach, courts addressing claims involving an individual's transaction with a business have limited discoverable information to the transaction at issue. *See, e.g.*, *McArthurt v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, (W.D. Wa. 2016) (appropriately limiting plaintiff's request for vast amounts of financial information, including profit margins and business plans, to be proportional to the plaintiff's claim, which involved her personal experience at one of defendant's locations); *Woelfle v. Black & Decker, Inc.*, No. 1:18-cv-486, 2020 WL 1180749 (W.D.N.Y. Mar. 12, 2020) (limiting discovery on defendant's corporate structure in a products liability case). Plaintiff's case involves her own transaction with Meow Wolf. It is not a case about a corporate conspiracy or Meow Wolf's joint ventures or intellectual property acquisitions. Complaint, Doc. 1. Discovery at some point must come to an end. Plaintiff has no particular need for the two last depositions that could not be fit in, and should not be allowed to force them when she has had nine months for discovery and ample depositions.

**CONCLUSION**

WHEREFORE, Defendant Meow Wolf prays that the Court quash Plaintiff's 30(b)(6) notice of deposition and plaintiff's notice of deposition of Matt King, order that no further depositions may be noticed or scheduled in this case effective on the date of the filing of this motion, and grant such other and further relief as the Court deems proper.

Dated: May 21, 2021

Respectfully submitted,

BARDACKE ALLISON LLP

*/s/ Benjamin Allison*
Benjamin Allison
Breanna Contreras
Victor Grafe
P.O. Box 1808
141 East Palace Avenue
Santa Fe, New Mexico 87504-1808
(505) 995-8000
ben@bardackeallison.com
breanna@bardackeallison.com
victor@bardackeallison.com

*Attorneys for Defendants Meow Wolf, Inc. and Vince Kadlubeck*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of May, 2021, a true and correct copy of the foregoing document was served via CM/ECF on all interested parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

                                                    */s/ Benjamin Allison*
                                                   Benjamin Allison