## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LAUREN ADELE OLIVER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEOW WOLF, INC., a Delaware corporation; VINCE KADLUBEK, an individual and officer; and DOES 1-50,<br><br>Defendants. | No. 1:20-CV-00237(KK)(SCY) |

### DEFENDANTS MEOW WOLF, INC. AND VINCE KADLUBEK'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Meow Wolf, Inc. ("MWI") and Vince Kadlubek ("Kadlubek" and, with MWI, "Defendants"), through their undersigned attorneys, answer Plaintiff Lauren Oliver's ("Oliver" or "Plaintiff") First Amended Complaint as follows:

### JURISDICTION AND VENUE

1.      In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that this is an action brought under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq*., Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, and state law, but deny that any violation occurred under these laws.

2.      The allegations set forth in Paragraph 2 of the Complaint contain legal conclusions to which no response is required.

3.      The allegations set forth in Paragraph 3 of the Complaint contain legalconclusions to which no response is required.

**THE PARTIES**

4.      Defendants deny sufficient knowledge or information to form a belief as to thetruth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.      Paragraph 6 contains a definition of terms to which no response is required. Tothe extent a response is required, Defendants will adopt the definition included in Paragraph 6.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      In response to the allegations set forth in Paragraph 8 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the existence oridentity of the Doe Defendants and deny that Plaintiff's rights were infringed.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations with respect to the unidentified Doe defendants. With respect to Kadlubek, Defendants admit that he was an officer of MWI at times relevant to this action.  Defendants denythe remaining allegations, including that Plaintiff's rights were violated.

**GENERAL ALLEGATIONS**

10.       Defendants deny sufficient knowledge or information to form a belief as to thetruth of the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants deny sufficient knowledge or information to form a belief as to thetruth of the allegations set forth in Paragraph 11 of the Complaint.

12.      Defendants deny sufficient knowledge or information to form a belief as to thetruth of the allegations set forth in Paragraph 12 of the Complaint and refer the Court to the Exhibit referenced therein for proof of its contents.

13.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     In response to Paragraph 15 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding an ISQ show at a Santa Fe gallery or Plaintiff's alleged focus. Defendants admit that, in or about 2014, MWI had secured a lease from George R.R. Martin to a bowling alley in Santa Fe and that they were soliciting proposals for HoER.  Defendants deny the remaining allegations.

16.     In response to Paragraph 16 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  In

response to Paragraph 20 of the Complaint, Defendants admit that MWI had secured a ten-year lease on the location for HoER.  Defendants deny sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint.

21.      Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

3

22.      Defendants deny the allegations set forth in Paragraph 22 of the Complaint, and refer the Court to the documents and website referenced therein for the proof of their contents.

23.      Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.      Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.      Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.      Paragraph 26 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 26of the Complaint, and deny that Defendants made any "offer" to Plaintiff.

27.      Paragraph 27 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.      Paragraph 28 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.  To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI, and deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.      In response to the allegations set forth in Paragraph 29 of the Complaint, Defendants admit that MWI offered artists a "Bonus Program" but deny the remaining allegations.

30.      Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, except deny that Defendants

4

infringed Plaintiff's rights in Space Owl and/or ISQ and direct the Court to the items referenced therein for proof of their contents.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI.  Defendants admit that in approximately 2018, MWI presented Oliver with a draft agreement regarding MW's use of Space Owl, but Oliver rejected the draft agreement, and refer the Court to the draft agreement for proof of its contents.

32.     In response to the allegations set forth in Paragraph 32 of the Complaint, Defendants deny sufficient knowledge or information to form a belief as to Oliver's feelings, thoughts or expectations regarding HoER and/or MWI.  Defendants admit that in approximately 2018, MWI presented Oliver with a draft agreement regarding MW's use of Space Owl, but Oliver rejected the draft agreement, and refer the Court to the draft agreement for proof of its contents.

33.     In response to the allegations set forth in Paragraph 33 of the Complaint, Defendants admit that, in or about June 2018, Oliver asked MWI not to further use Space Owlin merchandising, but deny the remaining allegations.

34.     Defendants deny sufficient knowledge or information to form a belief as to thetruth of the allegations set forth in Paragraph 34 of the Complaint, except deny the allegationsregarding MWI's alleged conduct.

35.      Paragraph 35 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, except admit that, in approximately 2019, MWI received an investment of venture capital.

37.     Paragraph 37 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants admit that representatives of MWI met with Oliver in or about 2019 in an effort to settle the dispute between them. Defendants deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     In response to the allegations set forth in Paragraph 38 of the Complaint, Defendants admit that Oliver received and accepted at least $2,000 from MWI for the installation and use of Space Owl and/or ISQ. Defendants deny sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and refer the Court to the actions identified therein for proof of their contents.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

6

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     The allegations set forth in Paragraph 44 of the Complaint involve settlement negotiations between the parties, which are shielded from disclosure.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of their contents.

46.     In response to Paragraph 46 of the Complaint Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding Oliver's feelings, thoughts or expectations regarding HoER and/or MWI, and deny the remaining allegations set forth in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

## SPECIFIC ALLEGATIONS

48.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and refer the Court to the copyright registrations referenced therein for proof of their contents.

49.     Defendants deny specific knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     The allegations set forth in Paragraph 51 contain legal conclusions to which no response is required.

52.     The allegations set forth in Paragraph 52 of the Complaint contain legal conclusions to which no response is required.

53.     The allegations set forth in Paragraph 53 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact.

55.     In response to Paragraph 55 of the Complaint, Defendants admit that, in approximately 2019, MWI received an investment of venture capital.  Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants admit that HoER has been featured in press and in social media posts and refer the Court to those documents for proof of their contents, and deny the remaining allegations set forth in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of its contents.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     In response to Paragraph 60 of the Complaint, Defendants admit that a publication included HoER as #25 in a list entitled "The 100 Works of Art That Defined the Decade," and refer the Court to the list for proof of its contents.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint, and refer the Court to the Exhibits referenced therein for proof of their contents.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required Defendant denies all allegations set forth in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Complaint, and refer the Court to the Exhibit referenced therein for proof of its contents.

66.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint, except deny the allegations in Paragraph 69 related to MWI's conduct.

70.     The allegations set forth in Paragraph 70 of the Complaint involve settlement negotiations between the parties, which are shielded from disclosure.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint, and refer the Court to the Exhibit referenced therein for proof of its contents.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.    In response to Paragraph 73 of the Complaint, Defendants admit that Oliver received and accepted $2,000 from MWI for the installation and use of Space Owl and/or ISQ and deny all other allegations and inferences of Paragraph 73, including the suggestion that Oliver was not offered any more than $2000.

74.    In response to Paragraph 74 of the Complaint, Defendants admit that Oliver agreed to receive a contingent stipend in the Artist Revenue Sharing Program (ARSP) which comprised part of her agreement with Meow Wolf for the installation of Space Owl and/or ISQ, and deny all remaining allegations.

75.    In response to Paragraph 75 of the Complaint, Defendants admit that meetings with participating artists took place at which the ARSP was described, and deny any remaining allegations.

76.    In response to Paragraph 76, Defendants admit that capped artist payments under the ARSP were based in part on how much revenue Meow Wolf generated each year that the artist remained in the program and had not yet reached his or her cap, and deny the remaining allegations.

77.    Paragraph 77 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint contains statements of opinion, belief and/or non-factual conclusions or characterizations, which Defendants cannot admit or deny as fact. Defendants deny that Oliver installed ISQ on time and to professional standards without substantial help, and deny any remaining allegations of Paragraph 78.

79.    Defendants deny the allegations contained in Paragraph 79 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement against All Defendants)**

80.     Defendants repeat and reallege their responses set forth in Paragraph 1-79 as iffully set forth herein.

81.     The allegations set forth in Paragraph 81 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information to form a belief as to the truth of the allegationsset forth in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83.

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants deny the allegations set forth in Paragraph 86.

87.     Defendants deny the allegations set forth in Paragraph 87.

88.     Defendants deny the allegations set forth in Paragraph 88.

89.     Defendants deny the allegations set forth in Paragraph 89.

90.     Defendants deny the allegations set forth in Paragraph 90.

**SECOND CLAIM FOR RELIEF**
**(Violation and Threatened Violation of VARA against All Defendants)**

91.     Defendants repeat and reallege their responses set forth in Paragraph 1-90 as if fully set forth herein.

92.     The allegations set forth in Paragraph 92 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     The allegations set forth in Paragraph 94 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint.

98.     The allegations set forth in Paragraph 98 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint.

99.     The allegations set forth in Paragraph 99 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.     Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint, except deny that Plaintiff's rights were violated.

101.     Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract against All Defendants)**

102.     Defendants repeat and reallege their responses set forth in Paragraph 1-101 as if fully set forth herein.

103.     Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.     Defendants admit there was a contract which Oliver accepted and whereby Oliver installed ISQ and Space Owl, but denies that the terms of the contract are as she alleges.

105.     Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (Breach of Covenant of Good Faith and Fair Dealing against All Defendants)

108.     Defendants repeat and reallege their responses set forth in Paragraph 1-107 as if fully set forth herein.

109.     Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.     Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Promissory Estoppel against All Defendants)

113.     Defendants repeat and reallege their responses set forth in Paragraph 1-112 as if fully set forth herein.

114.     Defendants deny the allegations set forth in Paragraph 114.

115.     Defendants deny the allegations set forth in Paragraph 115.

116.     Defendants deny the allegations set forth in Paragraph 116.

117.     Defendants deny the allegations set forth in Paragraph 117.

**SIXTH CLAIM FOR RELIEF**
**(Unjust Enrichment against All Defendants)**

118.     Defendants repeat and reallege their responses set forth in Paragraph 1-117 as if fully set forth herein.

119.     Defendants deny the allegations set forth in Paragraph 119.

120.     Defendants deny the allegations set forth in Paragraph 120.

121.     Defendants deny the allegations set forth in Paragraph 121.

**SEVENTH CLAIM FOR RELIEF**
**(Conversion against All Defendants)**

122.     Defendants repeat and reallege their responses set forth in Paragraph 1-121 as if fully set forth herein.

123.     Defendants deny the allegations set forth in Paragraph 123.

124.     Defendants deny the allegations set forth in Paragraph 124.

125.     Defendants deny the allegations set forth in Paragraph 125.

126.     Paragraph 126 contains a legal conclusion to which no response is required.

**EIGHTH CLAIM FOR RELIEF**
**(Intentional Misrepresentation against All Defendants)**

127.     Defendants repeat and reallege their responses set forth in Paragraph 1-126 as if fully set forth herein.

128.     Defendants deny the allegations set forth in Paragraph 128.

129.     Defendants deny the allegations set forth in Paragraph 129.

130.     Defendants deny the allegations set forth in Paragraph 130.

131.     Defendants deny the allegations set forth in Paragraph 131.

132.     Defendants deny the allegations set forth in Paragraph 132.

## NINETH CLAIM FOR RELIEF
### (Negligent Misrepresentation against All Defendants)

133.    Defendants repeat and reallege their responses set forth in Paragraph 1-132 as if fully set forth herein.

134.    Defendants deny the allegations set forth in Paragraph 134.

135.    Defendants deny the allegations set forth in Paragraph 135.

136.    Defendants deny the allegations set forth in Paragraph 136.

137.    Defendants deny the allegations set forth in Paragraph 137.

138.    Defendants deny the allegations set forth in Paragraph 138.

## TENTH CLAIM FOR RELIEF
### (Constructive Trust against All Defendants)

139.    Defendants repeat and reallege their responses set forth in Paragraph 1-138 as if fully set forth herein.

140.    Defendants deny the allegations set forth in Paragraph 140.

141.    Defendants deny the allegations set forth in Paragraph 141.

## AFFIRMATIVE DEFENSES

And as for their affirmative defenses, Defendants allege as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all additional affirmative defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to mitigate heralleged damages.

15

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) oflimitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants had an express or implied license to use Plaintiff's work and they did not exceed the scope of the license.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, to the extent any copyright registrations are asserted by Plaintiff as covering the work at issue, Defendants allege that some or all of such copyrights maybe invalid and/or unenforceable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, because Defendants did not willfully infringe any intellectual property or other rights owned by Plaintiff.  Defendants have acted ingood faith without any intention of injuring Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the "Fair Use Doctrine" pursuant toSection 107 of the Copyright Act, 17 U.S.C. §107.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no injury or damage as a result of any act or conduct ofDefendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for copyright infringement are barred, in whole or in part, because plaintiff knowingly submitted inaccurate information in connection with her copyright applications and therefore her copyright registrations are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request a judgment dismissing Plaintiff's Complaint and/or that the Court enter judgment in their favor and against Plaintiff on all claims asserted in this action, along with an award of costs, disbursements and reasonable attorneys' fees, in addition to other such relief as this Court deems just and proper.

Dated: June 15, 2021.

Respectfully submitted,

BARDACKE ALLISON LLP

*/s/ Breanna Contreras*
Benjamin Allison
Breanna Contreras
Victor Grafe
P.O. Box 1808
141 East Palace Avenue
Santa Fe, New Mexico 87504-1808
(505) 995-8000
ben@bardackeallison.com
breanna@bardackeallison.com
victor@bardackeallison.com

*Attorneys for Defendants Meow Wolf, Inc.*
*and Vince Kadlubeck*

17

**CERTIFICATE OF SERVICE**

I, Breanna Contreras, hereby certify that I caused a true and correct copy of the foregoing filing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

*/s/ Breanna Contreras*
Breanna Contreras