IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAUREN ADELE OLIVER,**

      **Plaintiff,**

      **vs.**                                                                      **Civ. No. 20-237 KK/SCY**

**MEOW WOLF, INC., a Delaware
Corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,**

      **Defendants.**

### ORDER FOR EXPEDITED BRIEFING ON JULY 27 MOTION TO COMPEL, ORDER REGARDING MOTION TO AMEND ANSWER, AND ORDER FOR SURREPLY ON MOTION FOR SANCTIONS

Plaintiff filed a Motion to Compel on July 27, 2021. Doc. 196. The Court orders expedited briefing on the motion. Defendants shall file a response to the motion to compel by **Wednesday, August 4, 2021** and Plaintiff may file a reply by **Tuesday, August 10, 2021**.

On July 6, 2021, Defendants filed a Motion to Amend their Answer to assert a Counterclaim. Doc. 182. On the same date, Defendants also docketed and served the Amended Answer and Counterclaim. Doc. 183. Defendants stated that Plaintiff opposed the Motion to Amend. Doc. 182 at 1. Under the Local Rules, the response to that motion was due on July 20, 2021. Neither a response nor a notice of completion of briefing has been filed on the docket. Instead, the parties filed a joint motion to extend Plaintiff's deadline to file a responsive pleading to the Counterclaim. Doc. 194. The Court granted the motion, stating that "the new deadline for Plaintiff to answer or file a motion in response to Defendants' Counterclaim (D.E. 183) is August 10, 2021." Doc. 195. Neither the joint motion nor the Court's order (proposed by the parties) extended the time to file a response to Doc. 182, the Motion to Amend. The parties shall

advise the Court by **Wednesday, August 4, 2021**, whether Plaintiff still opposes the Motion to Amend, Doc. 182. If Plaintiff opposes the motion, Plaintiff's response to the motion is due on that date. If Plaintiff does not oppose, Plaintiff shall inform Defendants so that Defendants can either file a notice of withdrawal of the motion or a proposed stipulated order granting the motion.

Finally, the Court orders the Plaintiff to file a Surreply to the Motion for Sanctions and Spoliation of Evidence, Doc. 132. In Defendants' reply in support of this motion, Defendants cite Plaintiff's deposition testimony to argue that, before the mass-deletion of emails, Plaintiff "had engaged a lawyer to discuss the VR situation" with Space Owl, and that that lawyer was her current litigation counsel, Jesse Boyd. Doc. 193 at 3 (citing Doc. 193-3 at 6 (Oliver Dep. 394:1-2)). "After engaging Mr. Boyd in the spring of 2018, she registered the copyright in June and began asking for facts relevant to infringement and damages." Doc. 193 at 2-3. "On June 26, 2018, two days after applying to register her copyright, Oliver wrote to Meow Wolf (including its lawyer Talia Kosh) asking how many copies of a coloring book containing an image of Space Owl had been printed and sold." *Id.* at 3. "The next day she conducted the mass deletion." *Id.*

Because Defendants indicate that these are "[a]dditional facts" that "emerged" after Plaintiff's response was filed, Doc. 193 at 1, the Court orders Plaintiff to file a Surreply addressing these arguments. In the Surreply, Plaintiff shall state: (1) the date Plaintiff first contacted her attorney in this matter, Jesse Boyd, or anyone in his law firm, or anyone he has associated with for purposes of bringing the current lawsuit; (2) the date Mr. Boyd or an associated attorney provided any legal advice to Plaintiff, even if that legal advice did not establish an attorney-client relationship; and (3) the date Plaintiff and Mr. Boyd, or any

2

associated attorney, entered into a contract and/or an attorney-client relationship.[1] The Surreply is limited to five pages and shall be due **Wednesday, August 4, 2021**.

IT IS THEREFORE ORDERED that

- Defendants shall file a response to the July 27 Motion to Compel by **Wednesday, August 4, 2021** and Plaintiff may file a reply by **Tuesday, August 10, 2021**.

- The parties shall advise the Court by **Wednesday, August 4, 2021** whether Plaintiff opposes Defendants' Motion to Amend the Answer, Doc. 182. If Plaintiff opposes the motion, Plaintiff's response to the motion is due on that date. If Plaintiff does not oppose, Plaintiff shall inform Defendants so that Defendants can file either a notice of withdrawal of the motion or a proposed stipulated order withdrawing the motion.

- Plaintiff shall file a Surreply to the Motion for Sanctions, Doc. 132, limited to five pages, by **Wednesday, August 4, 2021.**

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

---

[1] These are facts about communications, not communications themselves. This Order does not require Plaintiff to waive her attorney-client privilege with respect to the content of the communications (although Plaintiff may, of course, do so voluntarily). Facts are not privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing."); *Dorato v. Smith*, 163 F. Supp. 3d 837, 877 (D.N.M. 2015) (facts related to privileged communications, such as the dates of the treatment for purposes of patient/physician privilege, are not privileged); *IMC Chemicals, Inc. v. Niro Inc.*, No. 98cv2348, 2000 WL 1466495, at *11 (D. Kan. July 19, 2000) ("The fact that a party had communications with its attorney is not privileged.").