IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

        Plaintiff,

        vs.                                     Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., a Delaware
Corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

        Defendants.

## OMNIBUS ORDER ON DISCOVERY MOTIONS

This matter comes before the Court on a number of discovery motions. Docs. 99, 100, 122, 126, and 196. The Court enters this omnibus discovery order addressing those pending motions and setting new case management deadlines.

1. Motion to Compel (Doc. 122)

As an initial matter, the Court denies as moot Plaintiff's Motion to Compel Discovery from Defendants Meow Wolf, Inc. (Doc. 122). Plaintiff filed that motion on May 10, 2021, seeking production of pitch decks and pitch materials. Doc. 122. On May 24, 2021, the parties filed a stipulation to hold the motion to compel in abeyance while they attempted to resolve the issue. Doc. 134. In reviewing the other pending discovery motions, the Court found that resolution of Plaintiff's motion to compel regarding the pitch decks would affect other aspects of discovery and so it set a briefing schedule for the motion to compel. Doc. 185. In response, Plaintiff informed the Court that the parties resolved their dispute regarding the pitch decks and Plaintiff withdraws her motion to compel.

The Court notes, however, that although it appears Plaintiff no longer seeks images related to the pitch decks, Plaintiff requests all emails transmitting pitch decks. *See* Doc. 196. The Court will address this request below.

2. Motion to Extend Deadlines (Doc. 99) and Motion to Permit Supplemental Expert Disclosure (Doc. 126)

Having reviewed all the briefing on the other pending discovery motions and the relevant law, the Court finds good cause to extend the scheduling order deadlines. The Court entered a scheduling order in this case on October 14, 2020, setting the discovery deadline for April 30, 2021, and later extended that deadline once to May 7, 2021. Docs. 53, 86. When the Court entered its October 14, 2020 scheduling order, Defendants' motion to dismiss was pending and the parties agreed to engage in limited discovery. Doc. 23. Accordingly, the parties did not begin full discovery until November 25, 2020, when the Court decided the motion to dismiss. Doc. 59. At that time, however, COVID-19 restrictions, including specific health concerns of Plaintiff, existed. The Court also recently granted Plaintiff's motion to amend, allowing her to file an amended complaint that adds new claims and clarifies others. Defendants, in turn, seek to amend their answer and assert a counterclaim for declaratory judgment.[1] Lastly, discovery related to the "pitch decks" was only recently completed and Plaintiff asserts that recently discovered information will affect her expert report. For these reasons, the Court finds an additional period of time to complete discovery is warranted.

---

[1] Pending before the Court is the "Motion of Defendant Meow Wolf, Inc. to Recognize its Amended Answer and Counterclaim for Declaratory Judgment as an Amendment as of Right, or in the Alternative for Leave to Amend Answer to Assert Counterclaim for Declaratory Judgment" (Doc. 182), as well as "Plaintiff's Motion to Dismiss Defendants' Counterclaim for Lack of Standing and for Failure to State a Claim" (Doc. 203). The presiding judge will address these motions. However, because the Court is allowing additional discovery for a limited period of time, for efficiency and in the interested of bringing discovery to a close, the Court will allow discovery on the counterclaim while the counterclaim motions are pending.

As such, the Court grants in part and denies in part Plaintiff's Motion to Extend Rule 16(b) Scheduling Order Deadlines (Doc. 99) and Plaintiff's Motion to Permit Supplemental Expert Witness Disclosure (Doc. 126) as follows:

- Plaintiff's expert disclosure deadline is extended to October 1, 2021 for the purpose of disclosing Frederick Kuhns as an expert, or any further expert regarding the pitch decks or claims added in the amended complaint or the proposed counterclaim;

- Defendants' expert disclosure deadline is extended to November 1, 2021 for the purpose of any expert disclosures related to the pitch decks, claims added in the amended complaint, claims added in the proposed counterclaim, or any rebuttal expert to Plaintiff's 10/1/2021 disclosure;

- Discovery terminates November 15, 2021;

- Pretrial motions are due by December 13, 2021[2]; and

- Pretrial order from Plaintiff to Defendants is due by March 15, 2022 and the pretrial order from Defendants to the Court is due by March 29, 2022.

Any extensions of these deadlines or the Local Rule 26.6 deadline to file a motions to compel will require Court authorization and a showing of good cause.

3. Motion for Protective Order (Doc. 100)

The Court grants in part and denies in part Defendant Meow Wolf's Motion for Protective Order (Doc. 100). Because the Court extends the discovery deadline as discussed above, it will deny the motion as to Matt King and any further depositions by Plaintiff. Plaintiff,

---

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

if she chooses, may depose Matt King and any others within the time to complete discovery.[3]

Additionally, Plaintiff may take the 30(b)(6) deposition at issue in Defendants' motion for

protective order (*see* Doc. 100-3). However, because some of the topics listed are overbroad and

of limited relevance, the Court limits the 30(b)(6) topics to the following:

  a.  Contracts with artists who were offered the same compensation model as Plaintiff, i.e.
      those offered the Artist Bonus Program, also referred to as the artist revenue sharing
      program;

  b.  All derivative works and uses of ISQ and/or Space Owl by Meow Wolf;

  c.  Use of Space Owl and/or ISQ in Meow Wolf's communications with the press or on
      social media;

  d.  Promotion or solicitation of investors and investor relations that used ISQ or Space
      Owl in material presented to investors;

  e.  History of Meow Wolf through present, including corporate/business structure and
      ownership;

  f.  The creation and awarding of Meow Wolf stock options;

  g.  Decisions regarding Meow Wolf's relationship with Oliver, both before and after
      March 16, 2016, including contracting, offers, and demands; and

  h.  Meow Wolf records and processes for identifying and gathering documents and
      things responsive to discovery requests.

---

[3] Plaintiff, however, is still limited by the discovery parameters set forth in the scheduling order: maximum of 10 depositions per side limited to 7 hours each and 5 depositions per side limited to 3 hours each. Doc. 53. Plaintiff must also follow the Federal Rules of Civil Procedure and this Court's Local Rules with regard to notice and timing of any further depositions.

4. <u>Motion to Compel (Doc. 196)</u>

Lastly, the Court grants in part and denies in part Plaintiff's newest motion to compel

(Doc. 196). First, the Court denies the motion to compel as to Interrogatory Nos. 16 and 17 and

Request for Production No. 29, which request information and documentation concerning

copyright ownership of artwork by certain other artists (not Plaintiff Oliver) who participated in

a Meow Wolf project. Plaintiff claims this information is relevant to her claim that Defendants

negotiated with her in bad faith by showing how they negotiated with other artists. But, Meow

Wolf has never asserted that it owns the copyright to Space Owl or ISQ. *See* Doc. 200 at 14

(Defendants' stating, "Meow Wolf has never claimed to own the copyright in Ms. Oliver's

work."). Central to this case is Meow Wolf's contract with Plaintiff (or lack of contract) for her

artwork included in the HoER, and the Court has already ordered Meow Wolf to produce

contracts with other artists who were offered the same compensation model as Plaintiff. *See* Doc.

128. Meow Wolf's ownership of other copyrights and negotiations with those artists for the

copyrights has little relevance to Plaintiff's claims.

Second, the motion to compel is granted in part and denied in part as to Request for

Production No. 19, which seeks all documents containing a visual reproduction of Plaintiff's

artwork. The parties previously engaged in discovery in which Meow Wolf produced "pitch

decks" containing visual representations of the Space Owl. With Request for Production No. 19,

Plaintiff takes her request one step further and seeks all visual reproductions of her artwork.[4]

---

[4] Defendants explain that, in response to Plaintiff's prior request for all pitch decks containing
the Space Owl, they located a "Pitch Document Folder" and searched it for "any pitch decks that
contained Space Owl and raw images of Space Owl." Doc. 200-1 ¶ 8 (affidavit of Elisa
Montoya, Vice President of Administration & Legal of Meow Wolf). Given this search, and
given that Plaintiff withdrew her motion to compel regarding pitch decks (Doc. 122), the current
dispute relates to Space Owl images beyond those found in pitch decks.

Defendants assert that they do not have the technology to complete this request. Plaintiff, on the other hand, asserts that the technology exists, it just may be expensive.

As this case centers around visual artwork, it makes sense that an image search (or reverse image search) would reveal more information than a simple word search (such as searching Meow Wolf documents for the term "Space Owl"). However, the Court agrees with Defendants that the burden of such production outweighs any potential benefit. *See* Fed. R. Civ. P. 26(b)(1). Even using a vendor such as TinEye (as proposed by Plaintiff) to conduct a reverse imagine search would require Defendants to copy many terabytes of storage and extract images from PDFs and other files before TinEye can run a search at a cost between $65,000 and $200,000. *See* Doc. 200-2. To avoid missing images of the Space Owl, TinEye would also have to cast a wide net that would likely capture false positives that then would have to be sorted out by hand. And, the harvest this search would bear is diminished by the fact that Meow Wolf has already produced pitch decks containing the Space Owl and has already produced all documents using search terms associated with Plaintiff and her work. Doc. 196 at 5, Doc. 200 at 1. As a result, to the extent Plaintiff requests Defendants to bear the cost of such a search, the Court denies Plaintiff's motion.

Nonetheless, if Plaintiff is willing to bear the cost of such a search, the Court will permit Plaintiff to pursue this discovery, subject to some restrictions. First, the Court recognizes Meow Wolf's concern about turning over its entire server of electronic files to a third-party vendor of Plaintiff's choosing, and with which Defendants have no prior relationship. As such, if available, Meow Wolf may (but is not required to) pick a vendor similar to TinEye to conduct the reverse image search. Second, Defendants point out that TinEye (and presumably any other similar vendor capable of conducting a reverse image search) is only able to search image files, not

PDFs or other formats, and that converting files is a time-intensive process. The Court will allow Defendants to choose a contractor or employee to sort through and convert the relevant files to be turned over for the reverse image search, and Plaintiff shall pay the reasonable rate for this work.[5]

As a means to reduce the cost of this reverse image search, Plaintiff proposes that she be allowed to take a 30(b)(6) deposition of a Meow Wolf records custodian in order to identify the locations most likely to contain files with reproductions of Plaintiff's work which will then allow Meow Wolf to conduct a more targeted search. Indeed, in her notice of 30(b)(6) deposition, Plaintiff includes as an area of examination "Meow Wolf records and processes for identifying and gathering documents and things responsive to discovery requests." Doc. 100-3 ¶ 15. As noted above, the Court finds this general area of inquiry to be an appropriate topic for a 30(b)(6) deposition. However, a 30(b)(6) witness does not have to become an expert on computer forensics and does not have to have familiarity with the details of how every department stores files. The Court will allow Plaintiff to generally ask the 30(b)(6) deponent about Meow Wolf's records so that, in the event Plaintiff chooses to bear the cost of a reverse image search, Plaintiff can tailor that search.

Plaintiff also requests that the Court hold this motion to compel as to Request for Production No. 19 under submission until after she completes the 30(b)(6) deposition, at which time the Court can determine what additional searches Meow Wolf should conduct. The Court's decision to allow Plaintiff to obtain this information at her own expense obviates any need to defer ruling on Plaintiff's motion. As set forth above, Plaintiff may ask the Rule 30(b)(6) witness

---

[5] If the parties are unable to agree on a reasonable rate, Defendants may submit their proposed rate to the Court for review and, after hearing from Plaintiff, the Court will determine if the rate needs to be reduced.

questions that would allow Plaintiff to target more precisely, and limit costs associated with, her reverse image search.

Lastly, in acknowledging that Meow Wolf has produced pitch decks containing the Space Owl, Plaintiff also requests, in response to Request for Production No. 19, all emails transmitting those pitch decks. Doc. 196 at 6. Request for Production No. 19 seeks the pitch decks (that contain images of ISQ or Space Owl) themselves, but does not seek the emails transmitting those visual representations or documents accompanying other documents with visual depictions. *See* Doc. 196-7 (Request for Production No. 19 seeking all documents and things containing any visual reproduction, depiction and/or derivation of any element of ISQ and Space Owl). The Court will not compel information that Plaintiff did not previously request.

**IT IS SO ORDERED.**

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

8