# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Steven C. Yarbrough
## United States Magistrate Judge

### Clerk's Minutes

*Oliver v. Meow Wolf*
20cv237 KK/SCY

Friday, October 8, 2021 at 5:00 p.m.

**PLAINTIFF'S ATTORNEY PRESENT**:   Jesse Boyd

**DEFENDANTS' ATTORNEYS PRESENT**:   Breanna Contreras
Benjamin Allison

**TYPE OF PROCEEDING:** Telephonic Discovery Conference
Total Time – 35 minutes

**CLERK'S MINUTES:**

- The parties requested this informal discovery conference to discuss issues with the forensic analysis. The Court is not on the record. The Court wants to avoid this informal conference turning into a hearing when the Court does not have benefit of briefing.
- Mr. Allison explains that this is an issue involving the forensic expert and Plaintiff's deleted emails. The parties have agreed on the protocol for the expert process. However, they have reached an impasse on one issue: Mr. Boyd wants a hard date by which the images copied by the expert (excluding images of the type of information the search is designed to obtain) will be destroyed. The parties agree that the non-responsive data will be destroyed after the expert completes his process. Mr. Allison explains, however, that the expert cannot rule out needing more than two weeks until he has the devices and a better picture of what is involved. Mr. Allison would like to set a destruction date after the expert gets the devices.
- Mr. Boyd responds. This process involves his client's private computers. He is concerned that this process will be extended for an indefinite amount of time when the Court set a 45-day deadline, which has already been extended once. Given the privacy concerns, Plaintiff is not amendable to a further extension. Mr. Allison explains that once the expert gets the devices and images, he will be able to say how long he needs to complete his analysis. Mr. Boyd responds that the deadline to complete forensic expert work is

currently October 14, 2021, but now the expert is saying he can't complete the work by that deadline.
- The Court orders Mr. Boyd to provide the devices to the expert and the expert's target date for completing his work shall be within 2 weeks from receiving the devices. If the expert discovers something unusual, the parties can request a conference to discuss a further extension. Mr. Allison should advise the expert to look at the materials right away. If there is an issue, it needs to be raised within 5 days of the expert receiving the material. Mr. Boyd suggests setting an absolute date. The Court will set a target date.
- The Court notes that this extension will likely mean the Court needs to extend other deadlines further. The parties should discuss and try to agree on deadlines and submit a proposed order. If they can't, the Court will set a status conference at the end of October to discuss the deadlines.
- Mr. Boyd asks for clarification: is the deadline for completing the forensic analysis also the deadline for the expert to destroy all images and data, other than emails responsive to the search? Mr. Allison responds that he agrees to this.
- Mr. Boyd brings up another issue: Plaintiff issued written discovery pursuant to Court's omnibus discovery order. The defense agreed to produce governing documents of the LLCs and corporations by today and Plaintiff has not received them yet. Plaintiff's motion to compel deadline is Monday. Mr. Allison and Ms. Contreras respond that the documents will be produced by the end of the day. Mr. Boyd requests an extension of the motion to compel deadline until next Monday. Mr. Allison may have some difficulty meeting and conferring over next week. The Court will extend the motion to compel deadline by 2 weeks.
- Mr. Boyd addresses one final issue: The Court's order on the original motion to compel required production of revenue information through the present. Defendants have provided limited information through 2020, not the present. Mr. Boyd would like updated information. Mr. Allison responds that there is no dispute about supplementing the revenue information. He can discuss with Mr. Boyd deadlines for supplements so they are not supplementing every month. The Court suggests that the parties should discuss what interval is reasonable for supplementing. If the parties need another status conference or hearing they can reach out to chambers.