IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

vs.                                  Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

    Defendants.

**MEOW WOLF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR REFERRAL TO THE REGISTER OF COPYRIGHTS**

Defendant Meow Wolf, Inc. (Meow Wolf) respectfully submits this supplemental brief, pursuant to the Court's Order Granting Motion for Supplemental Briefing, Doc. 319, in support of its Motion for Referral to the Register of Copyrights, Doc. 236.

**INTRODUCTION**

In light of the latest guidance from the United States Supreme Court, one of the bases for referral to the Register of Copyrights stands unaffected. That issue is Ms. Oliver including copyrightable authorship she did not create in her application for registration No. VA 2-170-075 (the VA Registration). *See* Doc. 236, at 8–9. Ms. Oliver's only arguments against the reality that this was a knowing factual misstatement are (1) the artistic bench she did not create was not copyrightable anyway, and (2) she did not really include it in her application. Doc. 250, at 6–7.

In making her first argument, Ms. Oliver fails to mention she took the exact opposite position before the Copyright Office in seeking registration for the bench. Ms. Oliver further omits that the Copyright Office ruled in her favor, noting that the registration includes "sculptural

features identified separately from and capable of existing independently of the utilitarian aspects of a useful article." *See* VA Registration Certificate, attached as **Exhibit A**. Ms. Oliver's recent about-face is not only barred by judicial estoppel, but she also did not inform the Court she had taken the opposite position earlier and received a favorable ruling. As for her argument that the bench was not included in her application for registration, nothing could be further from the truth. The bench was the first image submitted in the portion of the application presenting images of the work sought to be registered, and Ms. Oliver included it twice. Under the Supreme Court's recent ruling, the VA Registration contains an inaccuracy made with knowledge and should be referred to the Register of Copyrights.

## ARGUMENT

On February 24, 2022, the Supreme Court addressed when a district court is required to refer to the Register of Copyrights under 17 U.S.C. § 411(b)(2) for knowing inaccuracies in copyright registration applications. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. ___, 211 L. Ed. 2d 586 (2022). "Naturally, the information provided on the application for registration should be accurate." *Id.* at 591. But 17 U.S.C. § 411(b)(1) provides that inaccurate information does not invalidate a registration unless it was included on the application with "knowledge that it was inaccurate." *Id.* The Supreme Court held that "knowledge" of an inaccuracy under Section 411(b)(1) means "actual, subjective awareness of both the law and facts." *Id.* at 593. Of course, some misstatements on copyright registrations are purely factual, *see id.* at 591, and a copyright holder's willful blindness of legal requirements will not excuse legal inaccuracies. *Id.* at 594–95.

Consider the facts in *Unicolors, Inc.* There, Unicolors knew certain fabric designs in its copyright registration had been previously available to the public, and thus published. *Id.* at 591–92. The Ninth Circuit Court of Appeals accordingly found that Unicolors could not have included

the published designs in one application with unpublished designs. *Id.* However, Unicolors submitted a single application which resulted in registration, later arguing it did not know of that legal requirement. *See Id.* at 593. The Supreme Court found that since Unicolors was unaware of that legal requirement, "it did not include that information in its application '*with knowledge that it was inaccurate*." *Id.* at 593 (emphasis in original). The case was remanded for further proceedings. *Id.* at 595.

The Supreme Court left in place the requirement that, should a party allege knowledge of an inaccuracy, referral of questions to the Register of Copyrights implicating whether she would have refused the registration is mandatory. 17 U.S.C. § 411(b)(2); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020) (overruled on other grounds). The Supreme Court did not address whether Section 411(b)(1) requires indicia of fraud, which is absent from the statute. The Supreme Court thus left intact the Ninth Circuit Court of Appeals cases holding that the statute does not have such a requirement. *Unicolors, Inc.*, 211 L. Ed. 2d at 595; *see also Unicolors, Inc.*, L. Ed. 2d at 596–97 (Thomas, J. dissenting); *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140, 1147 (9th Cir. 2019) (cert. denied). In sum, referral under Section 411(b)(2) requires an applicant's knowledge of factual or legal inaccuracies (as applicable) but does not require a showing that the applicant deliberately excluded accurate information. If such knowledge is alleged, the court must refer to the Register of Copyrights.

# I
## MS. OLIVER CLAIMED ANOTHER ARTIST'S WORK IN HER APPLICATION, KNOWING SHE DID NOT CREATE IT, AND IS JUDICIALLY ESTOPPED FROM ARGUING THE WORK IS NOT PROTECTED BY COPYRIGHT

Ms. Oliver's VA Registration contains only a factual misstatement, one which she had knowledge of when submitting her application. Ms. Oliver knew that another artist, Katherine Lee, created and designed an artistic bench which Ms. Oliver included twice in her copyright

3

registration application. Doc. 236-3, at 6, 13; Doc. 250, at 6 (recognizing that the bench is attributable to Katherine Lee). In that application, Ms. Oliver was required to identify any work which she did not create. U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 621.7 (3d ed. 2017). Doing so did not require any legal analysis of when the work was created, whether the work is copyrightable, or whether the work was published, but merely a factual statement that Ms. Oliver did not create the bench. *Id.*

Ms. Oliver did not make that statement. But she knew that Katherine Lee designed the bench, and that Ms. Oliver should not have included the bench in the application. *See* Doc. 250, at 6; 236, at 8. Ms. Oliver has not shown any lack of knowledge of the disclaimer requirement, and it would be incredulous if she had: she worked with a lawyer who specializes in intellectual property to prepare the application. *See* Ex. A.

Instead of addressing her omission and factual inaccuracy in her application, Ms. Oliver only argues the artistic bench is not subject to copyright and was not part of her application. Doc. 250, at 6. Her argument is unavailing: She asked the Copyright Office to register the bench by including it in her copy of the work to be registered—twice. Doc. 270, at 6–8. The Copyright Office also expressly found the bench was copyrightable, noting that the basis for registration was "[p]ictorial, graphic, and *sculptural features identified separately from and capable of existing independently of the utilitarian aspects of a useful article.*" Ex. A (emphasis added). The bench is the only work in the application which meets that description. Ms. Oliver is taking the exact opposite position before this Court despite her prior favorable ruling, and is accordingly judicially estopped from now arguing that the bench is not copyrightable. Doc. 270, at 5–6 (citing cases).

Because Ms. Oliver included information in her VA Registration with knowledge that it was inaccurate, the Court should refer to the Register of Copyrights the question whether she

4

would have refused to issue Ms. Oliver's registration had she known Ms. Oliver did not create the artistic bench included in the application for the VA Registration.

## II
## SECTION 411(B)(1) STILL MAY NOT EXCUSE INACURACIES IN THE TXU REGISTRATION

*Unicolors, Inc.* held that either a lack of factual knowledge or legal knowledge will excuse inaccuracies in an application for copyright registration. 211 L. Ed. 2d at 591. Ms. Oliver does not dispute whether she knew the dates in which she first created and sold the works subject to the TXu Registration. *See* Doc. 250. She provided an accurate timeline to the Copyright Office, but never disclosed that any of her works were publicly displayed or sold. *See* Doc. 270, at 8–9 Having previously published her works, Ms. Oliver was precluded from including each work in one application. *Id.* However, Ms. Oliver has not claimed lack of knowledge of the requirement that published materials cannot be registered with unpublished materials in one application. Instead, she merely states she did not have the assistance of an attorney when filing her application. Doc. 250-7. But Section 411(b)(1) deals with *Ms. Oliver's* "actual, subjective awareness." *Unicolors, Inc.*, 211 L. Ed. 2d at 593. Therefore, should the Court find that Ms. Oliver has not shown lack of knowledge of the legal requirement controlling her TXu Application, then referral pursuant to Section 411(b)(2) is appropriate.

Meow Wolf's alternative basis for requesting a referral, the doctrine of primary jurisdiction, is not affected by the Supreme Court's decision in *Unicolors, Inc.*

## CONCLUSION

Meow Wolf respectfully requests that the Court certify the question concerning the VA Registration to the Register of Copyrights as set forth in Meow Wolf's Motion for Referral, Doc. 236, and grant a stay of this proceeding until such time as the Register has issued a response.

Dated: March 16, 2022.

        Respectfully submitted,

        BARDACKE ALLISON LLP

        */s/ Benjamin Allison*
        Benjamin Allison
        Maureen Dolan
        Cole Wilson
        Michael Woods
        P.O. Box 1808
        141 East Palace Avenue
        Santa Fe, New Mexico 87504-1808
        (505) 995-8000
        ben@bardackeallison.com
        maureen@bardackeallison.com
        cole@bardackeallison.com
        michael@bardackeallison.com

        *Attorneys for Defendants Meow Wolf, Inc. and Vince Kadlubek*

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing filing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

*/s/ Benjamin Allison*
Benjamin Allison