# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Steven C. Yarbrough
## United States Magistrate Judge

### Clerk's Minutes

*Oliver v. Meow Wolf*
20cv237 KK/SCY

Friday, March 18, 2022 at 10:45 AM

**PLAINTIFF'S ATTORNEY PRESENT**:    Jesse Boyd

**DEFENDANTS' ATTORNEYS PRESENT**:    Maureen Dolan

**TYPE OF PROCEEDING**:  Telephonic Discovery Conference
Total Time – 40 minutes

**CLERK'S MINUTES**:

- The parties requested the Court rule on a dispute that arose during a deposition of defendant's expert witness.
- The dispute is over the scope of the deposition. The witness has previously testified as a fact witness, and Defendant is objecting to questions that are duplicative of the fact testimony already offered.
- Plaintiff's counsel makes arguments in support of the line of questioning of the witness. Defendant submitted amended expert disclosures yesterday that changed the scope of the deposition. Plaintiff would like to continue with the line of questioning based on the original disclosure.
- Defendant's counsel responds. Plaintiff deposed this witness on these topics already and should not get a second bite at the apple. Defendant only realized its original disclosure was incorrect when Plaintiff noticed this deposition, very recently on March 9.
- Plaintiff notes that new information has come to light in discovery since the first deposition.
- The Court notes that a party who takes a deposition early in discovery always faces the risk that something will later come up in discovery that the party would have like to have asked about in a deposition. That is a risk of taking an early deposition. The Court also notes that a risk of declaring an already-deposed fact witness as an expert is that there will be some overlap in a subsequent deposition.

- The Court agrees with Plaintiff that it was reasonable to prepare for the deposition based on the initial expert disclosure, given that Defendant did not narrow that scope of the deposition until the day before the deposition. Regardless, as long as a deposing party does not ask harassing questions, the deposing party typically has latitude to ask questions the other party considers irrelevant.
- The Court cannot set boundaries in the abstract. Policing the boundaries between what questions are permissible and what questions go beyond the parameters Defendant has identified as expert testimony, or policing the boundaries between what questions relate to previous fact discovery and what questions relate to expert testimony is not something the Court can effectively do without being present at the deposition. The Court will therefore allow Plaintiff's counsel to answer the questions he considers relevant, keeping in mind that he should not use this as an opportunity to re-depose a fact witness on issues that do not relate to expert testimony. To the extent Defendant believes Plaintiff asked questions that were out-of-bounds, Defendant preserves the right to seek to exclude that testimony. This strikes a balance between ensuring relevant information is revealed so that the truth can surface through the adversarial process and allowing a party to seek to exclude information obtained outside the permissible bounds of discovery. Judge Yarbrough's role in this case is not to define the parameters of relevant trial testimony and so he will leave that determination for Judge Khalsa.
- The parties understand the Court's ruling and do not have questions.
- There being nothing further, the Court concludes the conference.