IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

v.                                             Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

Defendants.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF LAUREN OLIVER'S WITNESS, JILL MAZURSKY

Defendants Meow Wolf, Inc. (Meow Wolf), and Vince Kadlubek respectfully move the Court to strike Jill Mazursky, disclosed in Plaintiff's Second Supplemental Responses to Meow Wolf's First Set of Interrogatories to Plaintiff Lauren Oliver, served March 8, 2022, as a potential witness. Plaintiff opposes this motion.

### BACKGROUND

On March 8, 2022, just three weeks before the extended close of discovery, and nearly a year after the initial close of discovery, plaintiff revealed a surprise trial witness, Jill Mazursky. Ms. Mazursky was not listed in plaintiff's initial disclosures (requiring a listing of persons likely to have discoverable information), in either of plaintiff's two supplements to her initial disclosures, and was not listed in any of Oliver's prior responses to Meow Wolf's interrogatory seeking plaintiff's potential witnesses.

Meow Wolf first served its Interrogatory No. 7 on March 23, 2021, requesting the identity, contact information and expected testimony of witnesses plaintiff may call at trial. *See* Defendant's

First Set of Interrogatories to Plaintiff attached as **Exhibit A**. After Oliver listed more than 75 people—none of which were Jill Mazursky—counsel held a meet and confer on November 30, 2021 and agreed both sides would supplement their witness disclosures by December 17, 2021, with the option to supplement in the event new information was discovered. *See* Letter from Michael Wood to Jessie Boyd dated November 20, 2021 and attached as **Exhibit B**. Plaintiff provided her supplement late on December 21, 2021, and although she knew about Ms. Mazursky at the time omitted her from the list. *See* Plaintiff's Supplemental Response to Interrogatory No. 7 attached as **Exhibit C**.

Defense counsel relied on plaintiff's December 21, 2021 supplement to depose plaintiff's remaining potential witnesses, which defendants did throughout January and February. March 8, 2022 was dedicated to seven expert depositions and the remaining fact witnesses. When plaintiff disclosed Ms. Mazursky on March 8, 2022, fourteen of Meow Wolf's fifteen allowed depositions were scheduled with the last one in the process of being scheduled. Plaintiff also failed to provide Ms. Mazursky's address and telephone number so that defense counsel could try to contact her, instead improperly listing her as "c/o plaintiff's counsel." *See* Plaintiff's Second Supplemental Response to Interrogatory No. 7 attached as **Exhibit D**, at 6.

Plaintiff had long known about Ms. Mazursky but resisted providing information in discovery. It is still unclear who she is and what she knows, but defendants have been able to piece together the following. In Ms. Oliver's deposition, she stated she "turned down a book editing job" while she was installing ISQ in the House of Eternal Return (HoER). Oliver Dep., April 8, 2021, attached as **Exhibit E**, 586:13-17. Ms. Mazursky is a person involved in that possible book editing job, but plaintiff was deliberately cryptic and not forthcoming when defendants asked for information about plaintiff's claimed damages or missed opportunities.

In response to defendants' interrogatory asking "If you contend that you are entitled to any monetary recovery as a result of any claim," provide all facts and details, (VK Interrogatory No. 14, attached as **Exhibit F**), Ms. Oliver answered vaguely on October 12, 2021:

> To bring the installation of ISQ to the professional standards to which Plaintiff holds herself, she put everything she had into the work, using her own money and resources to complete the project, *and turning down lucrative work* to meet Defendants' deadline to finish.

**Ex. F**, at 5-6. When defendants served Interrogatory No. 15 asking plaintiff to "[d]escribe in detail each opportunity you claim to have missed . . . including the lucrative work you claim to have missed," plaintiff finally stated on December 21, 2021:

> In late 2015, Lauren was offered a job collaborating with a prominent film actor on his autobiography, while he was shooting a movie in New Mexico. The work involved conducting a series of interviews that needed to take place from January to March in 2016. Producer Jill Mazursky, who was contracting Lauren, estimated the job would have paid $50K, and led to similar, if not increasingly lucrative, work. Instead, Lauren declined the work and fulfilled her commitments to the Meow Wolf collective.

Plaintiff's Response to Interrogatory No. 15, Dec. 21, 2021 attached as **Exhibit G**, at 3.

However, when Plaintiff served this answer she did *not* list Ms. Mazursky as even a potential witness in her supplemental witness list served that same day. *See* **Ex. C**. On February 25, 2022, defendants asked specifically about Ms. Mazursky's alleged offer, in Meow Wolf's Interrogatory No. 18:

> Describe in complete and exhaustive detail the offer made to you by Jill Mazursky in late 2015 referred to in your answer to Vince Kadlubek's Third Set of Interrogatories, Interrogatory No. 15, including all specific terms and details Ms. Mazursky proposed, the medium in which she conveyed the offer, and identify all documents referring or relating to the offer, and describe whether and how you pursued subsequent collaboration with Ms. Mazursky.

**Exhibit H.** Defendants further requested Ms. Mazursky's contact information in their Interrogatory No. 19. *Id*. Ms. Oliver then added Ms. Mazursky as a potential witness for the first time. *See* **Ex. D**.

Finally, on April 18, 2022, three weeks after the close of discovery, Ms. Oliver provided the following supplemental response to Meow Wolf's Interrogatory 18:

> Ms. Mazursky reached out to Plaintiff on September 24, 2015, and all subsequent communications were conducted via phone, however, she was not the hiring/contracting party. Ms. Mazursky was acting as an intermediary between Plaintiff and the hiring/contracting party. The project consisted of conducting a series of interviews with a prominent actor, and compiling and editing the material such that it could be published as a memoir. The financial terms were to consist of an upfront payment followed by royalties after publication of the book. Ms. Mazursky is prepared to testify that the project was worth at least $50,000 to Plaintiff.

**Ex H.** By then, it was too late for defendants to investigate or prepare for this new witness. Defendants still do not have her contact information because Plaintiff's response to Meow Wolf's request for Ms. Mazursky's contact information was "To the extent she is willing to communicate with Defendant, contact with Ms. Mazursky can be coordinated through Erickson Arbuthnot."

## ARGUMENT

At the discretion of the district court, a party's late-disclosed evidence may be excluded under Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii) provides for initial disclosure of witnesses, documents supporting claims and defenses, and computations of damages "including materials bearing on the nature and extent of injuries suffered." Under Rule 26(a)(1)(C), a party must make these disclosures "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Finally, Rule 26(e)(1)(A) requires parties to supplement all Rule

26(a) disclosures, as well as responses to interrogatories, requests for production, and requests for admission "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* Fed. R. Civ. P. 26(a)-(e).

Here, plaintiff alone was aware of the details of her purported lost opportunity. She knew these details before she filed her complaint, and implicitly began to incorporate them into her promissory estoppel claim. Yet in response to repeated discovery requests, Plaintiff failed to provide complete information to defendants, and failed to disclose Ms. Mazursky as a witness until the remaining deposition schedule was fully booked. Because plaintiff failed to meet her obligations under Rule 26, both to provide initial disclosures and then to supplement her disclosures and discovery responses, Ms. Mazursky should be excluded as a potential witness under Rule 37.

"The penalty for failing to supplement is severe…The penalty for completely failing to respond to an interrogatory is even more severe: the court may dismiss the action or enter judgment by default if the other side so requests. *See Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966)." *Guidance Endodontics, Ltd. Liab. Co. v. Dentsply Int'l, Inc.*, No. CIV 08-1101 JB/RLP, 2009 U.S. Dist. LEXIS 101921, at *6-8 (D.N.M. Sep. 29, 2009). Ms. Oliver knowingly avoided providing key information to defendants and should bear the consequence that Ms. Mazursky be excluded from trial.

# I
## PLAINTIFF'S LATE DISCLOSURE OF JILL MAZURSKY AS A WITNESS IS SANCTIONABLE UNDER RULE 37(c)(1) BECAUSE PLAINTIFF CANNOT SHOW IT WAS SUBSTANTIALLY JUSTIFIED OR HARMLESS

"The administration of [Rule 37] lies necessarily within the province of the trial court with power to fashion such orders as may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.*, 368 F.2d 37, 39 (10th Cir. 1966). The Tenth Circuit has set out a four-factor test for evaluating parties' disclosures under Rule 37(c)(1):

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Rule 37(c)(1) is "intended to put teeth into the mandatory . . . disclosure requirements" of Rule 26(a) and (e). 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2289.1 (3d ed. 2014). In *Woodworker's Supply*, the violation at issue occurred during trial, and pertained to plaintiff's failure to previously disclose its damages theory. Courts within the Tenth Circuit, however, have applied the *Woodworker's Supply* factors broadly, to both initial disclosures (of witnesses, damages, and evidence) and to supplemental disclosures. *See e.g. City of Las Cruces v. United States*, No. 17-809 JCH/GBW, 2021 U.S. Dist. LEXIS 216384, at *43 (D.N.M. Nov. 9, 2021) (applying the four factors to supplemental disclosures); *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1201 (10th Cir. 2017) (acknowledging the applicability of the four factors to supplemental disclosures under Rule 26(e)).

The party against whom the factors are weighed bears the burden of showing an untimely disclosure is harmless or substantially justified. *See Martinez v. Cont'l Tire the Ams., Ltd. Liab. Co.*, No. 1:17-cv-00922-KWR-JFR, 2022 U.S. Dist. LEXIS 74052, at *6 (D.N.M. Apr. 22, 2022) (citations omitted) (applying the *Woodworker's* factors to assess whether late disclosure precluded an expert's testimony and holding plaintiffs had not proven their delay was justified or harmless). Here, Ms. Oliver's failure to disclose Ms. Mazursky was unjustified and prejudicial to defendants. Since Ms. Oliver cannot prove otherwise, Ms. Mazursky's testimony and evidence should be excluded under Rule 37.

### A. Sanctions Under Rule 37(c)(1) Are Appropriate Because Plaintiff's Late Disclosure Was Unjustified

After the close of discovery, on April 18, 2022, Ms. Oliver disclosed that Ms. Mazursky offered her an opportunity to work on a book project years before in 2015. *See* Ex. K. This offer occurred roughly four-and-a-half years before plantiff filed her action and was known only to Ms. Oliver. There is no reason Ms. Oliver should have waited to list Ms. Mazursky as a witness until March 8, 2022. In fact, Ms. Mazursky should have been listed in her initial Rule 26(a) disclosures, which were due 14 days after the July 7, 2020 Rule 26(f) conference. *See* Doc. 33.

Even if Ms. Oliver had not fully formed her damages theory at that time, she had ample time—and an obligation—to supplement her witness disclosures and her discovery responses under Rule 26(e)(1)(A). As set out above, Ms. Oliver first mentioned the alleged book deal in April of 2021, and began to allude to it cryptically as a lost economic opportunity in October of 2021. By that point, defendants were explicitly seeking information about what she described as a missed chance to take "lucrative work." *See* Vince Kadlubek's Interrogatory No. 15, Ex. E. Even then, it took Ms. Oliver until December 21, 2021 to describe Ms. Mazursky's offer. This was also the first

time Ms. Oliver mentioned Ms. Mazursky by name. Even so, Ms. Oliver's supplemental list of potential witnesses, which she supplied the same day, omitted Ms. Mazursky.

Even when plaintiff disclosed Ms. Mazursky as a witness on March 8, 2022, she still did not give defendants a response to their Interrogatories 18 and 19, which requested full details about the offer, including identification of related documents and terms, and which sought Ms. Mazursky's contact information. Ms. Oliver's response to these requests was provided after the close of discovery, on April 18, 2022.

Even then it was incomplete: Although Ms. Oliver provided a date certain upon which "Ms. Mazursky reached out," she did not describe (as defendants requested) "the medium in which she conveyed the offer" but obliquely alluded to its having been transmitted in writing, since "*all subsequent* communications were conducted by phone." Ms. Oliver neither identified related documents, nor described whether and how she pursued subsequent collaboration with Ms. Mazursky. In response to defendants' request for Ms. Mazursky's contact information, Ms. Oliver further stonewalled, stating, "To the extent she is willing to communicate with Defendant, contact with Ms. Mazursky can be coordinated through Ericksen Arbuthnot."

### B.   Plaintiff's Late Disclosure Was Not Harmless

Ms. Oliver's late disclosure of Ms. Mazursky as a witness, along with her unwillingness to provide requested information in discovery has unfairly placed defendants at a disadvantage as trial approaches. The discovery rules under the Federal Rules of Civil Procedure are intended to avoid this ambush, and Rules 26 and 37 explicitly prohibit it.

In preparation for the close of discovery and to assist allocation of parties' limited deposition time, counsel for plaintiff and defendants agreed to exchange updated witness lists. *See* Letter from Michael Woods to Jesse Boyd, dated November 30, 2021, attached as **Exhibit J**. It is

thus especially galling that by the agreed-upon date of that supplemental witness exchange, in mid-December, 2021, Ms. Oliver knew that she intended to use Ms. Mazursky's offer to support her claim for promissory estoppel damages but omitted her as a potential witness. *See* Ex. H. Defendants relied upon this exchange to determine their final discovery requests and deposition schedule. By the first week of March, it was too late for defendants to take additional depositions.

In addition to plaintiff's disclosures being exceptionally late, but her responses were evasive and incomplete. She failed to provide full answers to defendants' interrogatories, and actively avoided affording defendants access to Ms. Mazursky once her name was disclosed. As of October of 2021, Ms. Oliver (a) possessed exclusive information about the Mazsursky offer, (b) described it as evidence of damages, and (c) had been served discovery requests that addressed the offer. With at least five months of discovery remaining, Ms. Oliver could have provided complete supplemental disclosures. In choosing not to do so, she impeded discovery and has hampered defendants' ability to prepare for trial.

    **C.**    **The Court Should Sanction Plaintiff By Excluding Jill Mazursky as a Witness**

District courts have broad discretion to determine whether exclusion of evidence is appropriate under Rule 37(c)(1), but that discretion is guided by the four *Woodworker's Supply* factors. "Although '[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a Rule 26(a) [or (e)] violation,' our decisions plainly reveal that the *Woodworker's* factors should guide the district court's exercise of discretion." *HCG Platinum, LLC,* 873 F.3d 1191, 1201 (10th Cir. 2017).

Here, the factors indicate exclusion of Ms. Mazursky. Ms. Oliver cannot show her failure to timely disclose Ms. Mazursky as a witness was substantially justified or harmless. First, permitting her to testify at trial would be prejudicial to defendants, who have been prevented not

9

only from deposing her but from even contacting her, and from pursuing discovery based on the information Ms. Oliver provided in her late and incomplete disclosures. Second, aside from the sanction of exclusion, defendants are unable to cure the prejudice at this point in the litigation schedule. *See Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020) (affirming the district court's finding the prejudice was incurable where defendant's ability to cure was constrained by costs and court-imposed deadlines). Third, in assessing whether a trial would be disrupted by allowing a disclosure to stand, the Tenth Circuit has looked to, for example, the effects of the additional evidence upon a trial's schedule. *Id.* (agreeing with the district court's assessment that the new information would yield a broad reopening of the case and was thus disruptive).

Finally, the facts surrounding Ms. Oliver's late disclosure, and that she was both aware of the details of Ms. Mazursky's offer and on notice that defendants sought those details suggests that her dilatory responses were willful. *See Id.* (affirming the district court's finding that the fourth factor was supported without needing to reach the level of bad faith).

Because Ms. Oliver's failure to timely disclose Ms. Mazursky as a witness was neither substantially justified nor harmless, defendants respectfully request that she be stricken as a potential witness for plaintiff.

## CONCLUSION

WHEREFORE, for the reasons set forth above, defendants Meow Wolf, Inc. and Vince Kadlubek respectfully request that the Court exclude Jill Mazursky as a witness at trial in this matter and for such other and further relief as the Court deems appropriate under Fed. R. Civ. P. 37(c)(1).

Dated: April 29, 2022.

Respectfully submitted,

BARDACKE ALLISON LLP

By: */s/ Benjamin Allison*
    Benjamin Allison
    Maureen Dolan
    Rose Bryan
    Cole Wilson
    Michael Woods
    P.O. Box 1808
    141 E. Palace Avenue
    Santa Fe, NM 87504-1808
    505-995-8000
    ben@bardackeallison.com
    maureen@bardackeallison.com
    rose@bardackeallison.com
    cole@bardackeallison.com
    michael@bardackeallison.com

*Counsel for Defendants Meow Wolf, Inc. and Vince Kadlubek*

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON LLP

By: /s/ Benjamin Allison