# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

      Plaintiff,

      vs.                         Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., a Delaware
Corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
## AND MOTION FOR EXTENSION

In this discovery dispute the parties argue over Plaintiff's request for marketing materials sent by various individuals associated with Meow Wolf to various companies. Unable to reach an agreement, Plaintiff filed her "Motion to Compel Production of Documents from Defendant Meow Wolf, Inc." on March 24, 2022 (Doc. 340), and the parties finished briefing the motion on April 27, 2022 (Docs. 350, 369). Relatedly, concerned that she would need to gather such marketing materials from third parties, Plaintiff issued several third-party subpoenas. In connection with these subpoenas, Plaintiff has filed a "Motion to Extend Deadline to File Motions to Compel Related to Third-Party Subpoena." Doc. 385; *see also* Doc. 404 (response); Doc. 450 (notice of briefing complete indicating Plaintiff will not file a reply). For the reasons discussed below, the Court denies both motions.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits parties to

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information
> within this scope of discovery need not be admissible in evidence to be
> discoverable.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it

would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 401. Discovery relevance is "to be construed broadly to encompass any matter that

bears on, or that reasonably could lead to other matter that could bear on any party's claim or

defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation and

citation omitted). And while "relevancy in discovery is broader than that required for

admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable.

*Dorato v. Smith*, 163 F. Supp. 3d 837, 865-6 6 (D.N.M. 2015) (quotation marks omitted).

## ANALYSIS

### 1. Motion to Compel

At issue in the motion to compel is Plaintiff's Request for Production ("RFP") No. 41 to

Defendant Meow Wolf, which seeks "all emails dated between March 17, 2016 and December

21, 2019" from a list of 13 Meow Wolf representatives sent to representatives of a list of 23

businesses "and which emails have attachments of pitch decks, one-sheets, press packets, or

other graphical promotional or solicitation material containing images of artwork from House of

Eternal return, and including the attachments thereto. This request seeks only emails with

attachments as described, and the attachments thereto." Doc. 350-1 at 1-2. In other words,

Plaintiff seeks emails between the listed representatives and the listed businesses that attach

marketing materials containing *any* image of *any* House of Enteral Return ("HoER") artwork,

not just images of Plaintiff's artwork (the Space Owl/ISQ). Defendant objects to RFP No. 41 as irrelevant, overbroad, unduly burdensome, and exceeding the number of allowable requests.

To begin, the parties spend a portion of their briefing discussing only part of the RFP: whether Defendant should produce just marketing materials containing images of Plaintiff's artwork, as opposed to materials with images of any HoER artwork. Plaintiff asserts that such materials are relevant to her copyright infringement claim. Defendant, on the other hand, argues that such relevance is minimal because Meow Wolf stopped using images of the ISQ in 2018 after Plaintiff complained and because Plaintiff has no evidence of any actual damages from the ISQ being on pitch decks. But Plaintiff is not required to prove her case in order to obtain discovery. Instead, she is entitled to discovery relevant to her claims in order to help develop and prove her case. As such, the Court agrees with Plaintiff that marketing materials containing images of Plaintiff's artwork is relevant to her claim for copyright infringement.

However, Defendant has already produced such material. *See* Doc. 205 at 5 n.4 (prior discovery order explaining Defendant's process to gather pitch decks with images of Plaintiff's artwork and noting that Plaintiff withdrew her motion to compel regarding such pitch decks). Plaintiff asserts that she sent RFP No. 41 after deposing Brian Solomon, former Creative Director at Meow Wolf, who testified that images of the Space Owl were included in a large number of early pitch material. *Id.* at 1-2.[1] But Plaintiff does not explain how or why this testimony would cast doubt on Defendant's assertion that it already produced all the pitch decks

---

[1] On its face, RFP 41 is not limited to pitch decks. In addition to pitch decks, RFP 41 requests "one-sheets, press packets, or other graphical promotional or solicitation material containing images of artwork." Doc. 350-1 at 2. Plaintiff's briefing, however, focuses on pitch decks. Moreover, considering marketing material beyond pitch decks makes Plaintiff's request for material related to HoER (rather than ISQ) broader and even more disproportionate to its potential value.

containing images of Plaintiff's artwork. Said another way, Plaintiff points to nothing specific in Mr. Solomon's deposition to show that additional pitch decks with Plaintiff's artwork exist that have not been turned over to Plaintiff.

Additionally, pitch decks containing images of just Plaintiff's artwork is not what RFP No. 41 actually seeks—it seeks marketing materials with images of *any* HoER artwork. In her motion, Plaintiff explains that during the meet and confer process with Defendant she twice agreed to narrow the scope of this request. First, "Plaintiff proposed that the request be limited from marketing material advertising the artwork from House of Eternal Return to marketing material advertising Plaintiff's intellectual property." Doc. 340 at 5. After Defendant continued to object, Plaintiff proposed limiting the request to emails between only five Meow Wolf custodians and five companies. *Id.*; *see also* Docs. 340-4, 350-1 (emails between counsel listing the five custodians and five companies). Defendant disputes that Plaintiff ever offered the first limitation—to only emails containing Plaintiff's artwork. Doc. 350 at 6. Indeed, the emails attached by both parties regarding the meet and confer only reflect an offered limitation to five custodians and five companies. *See* Docs. 340-4, 350-1.

In any event, in the present motion to compel, Plaintiff seeks to compel a response to her original RFP No. 41, not any narrowed request previously proposed but not agreed on by the parties. Although the Court could envision a more narrow request or limited search parameter that would properly balance the concerns in Rule 26(b)(1), the Court will not rewrite discovery for the parties but will rule on the actual request before it.[2] *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) ("[A]t the end of the day, it is the parties' obligation to frame

---

[2] In ruling on the request presently before it, the Court also notes that discovery in this matter is closed and so the time for Plaintiff to issue a more narrow request has passed.

their own discovery requests and to seek to narrow any disputes with opposing counsel; the district court is obliged only to rule on the requests for enforcement or protection eventually presented to it, not to do the parties' work for them by editing discovery requests until they comply with the Federal Rules of Civil Procedure."); *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017) ("The magistrate judge was not required to exercise his discretion to *sua sponte* fix counsel's errors and assume counsel's responsibility of framing an appropriate discovery request. Plaintiffs' proposed holding would encourage attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request.").

Looking at the request actually before the Court—marketing material with images of any HoER artwork—Defendant first argues that such documents are irrelevant to Plaintiff's claims. Plaintiff, on the other hand, asserts that "Defendants have indicated they plan to argue Oliver's work was not 'important' and was 'not included in very many pitch decks'" so they need all of the pitch materials to determine the veracity of such an argument. Doc. 340 at 2. In other words, Plaintiff is concerned with the number of total pitch materials sent out by Meow Wolf so she can determine what percentage of the pitch materials contained images of her artwork. Such relevance is minimal to Plaintiff's claims and defenses.

That minimal relevance must be balanced with proportionality and so the Court considers Defendant's next objections—overbroad and unduly burdensome. Similar to its prior ruling on a request seeking all documents containing visual representations of Plaintiff's artwork, the Court finds that the burden of Plaintiff's request outweighs any potential benefit.[3] *See* Doc. 204 at 5.

---

[3] In its prior discovery Order, the Court found that the burden of producing *all documents* containing images of Plaintiff's artwork (not just her artwork contained in marketing material) outweighed the benefit, but it allowed Plaintiff to pursue such discovery, with some limitations,

The request calls for the 13 individuals to search their emails for any marketing materials sent to any affiliate and subsidiary of the 23 companies, making term searches vast and somewhat undefined. After gathering such emails, Defendant would then have the additional task of reviewing all emails to determine if they include images of any HoER artwork. Such a task, especially at this stage of the case where discovery has closed and the parties are briefing motions and preparing for trial, is unduly burdensome and not proportional to the needs of the case.

This conclusion is bolstered by the fact that Plaintiff could have sought the information she needs in other, less burdensome ways. For example, she could have sought a representative sample of Defendant's marketing material, or sent written discovery asking what percentage of marketing materials contained images of her artwork. Indeed, she gathered related information through the deposition of Meow Wolf's former Creative Director by asking him how often Plaintiff's artwork was used on marketing materials. In sum, Plaintiff's request for an exhaustive search of all marketing materials with images of all HoER artwork provides little probative value compared with the burden of such a request. For these reasons, the Court denies Plaintiff's motion to compel as to RFP No. 41.[4]

_____

if she wanted to bear the costs. Doc. 204 at 6. Defendant now argues that Plaintiff did not follow the Court's directions to obtain that discovery, but instead sent RFP No. 41 seeking the same information in a manner not approved by the Court. The Court rejects this argument because the discovery requests do not seek the same information, even if they have some overlap. That is, the prior request sought all documents containing images of Plaintiff's artwork while the present request seeks all marketing materials with any image of HoER artwork. The Court's prior order specifically ruled on the previous request and did not limit how Plaintiff could conduct discovery of other, albeit related, topics.

[4] Because the Court finds Plaintiff's RFP is not proportional to the needs of the case, and because discovery is now closed, the Court need not consider Defendant's final argument that Plaintiff's request exceeds the number of allowable requests for production.

## 2. **Motion for Extension**

Concerned that she might not be able to get the information in response to RFP No. 41 from Defendant Meow Wolf, Plaintiff issued subpoenas to ten of the companies identified in RFP No. 41 seeking the same information. Some of the subpoenaed entities have objected to production of the requested information or failed to respond. Plaintiff has not yet moved to enforce those subpoenas because she also filed the present motion to compel which, if granted, would have provided her the needed information from Defendant, making the subpoenas moot. Because the Court denies the motion to compel as discussed above, Plaintiff's subpoenas are likely not moot. In her motion for extension filed April 29, 2022, Plaintiff requests an "order extending the deadline for the parties to file motions to compel related to third-party subpoenas issued prior to the close of discovery until 14 days after the determination of Plaintiff's motion to compel." Doc. 385 at 3-4. Defendants Meow Wolf and Kadlubek oppose the requested extension.

Under the current case management deadlines, pretrial motions were due by April 29, 2022. Doc. 240. A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff argues that good cause exists because she did not find out until "late in discovery" that her artwork was used in "'almost all' early pitch decks." Doc. 385 at 2. Yet Plaintiff made this discovery during Brian Solomon's deposition on January 28, 2022 and then did not serve the subpoenas until March 18, 2022—less than two weeks before the March 29, 2022 discovery deadline. *See* Docs. 240, 340-2, 350-6. Additionally, the issue of pitch decks and emails transmitting the pitch decks came before the Court in motions to compel on August 16, 2021. Doc. 204. At that time, Plaintiff sought production of all emails transmitting pitch decks which contained images of Plaintiff's artwork. *Id.* at 8. The Court did not compel

production of such emails because the Request for Production at issue (No. 19) did not actually seek such emails. *Id.* That ruling, however, did not prevent Plaintiff from submitting follow-up discovery, at that time in August 2021, for information about emails transmitting pitch decks.[5]

Clearly, Plaintiff has known for longer than "late in discovery" that pitch materials may have some relevance to her claims. *See* Doc. 122 at 3 (Plaintiff's motion to compel filed May 10, 2021, arguing that "whether or not Meow Wolf has used the Space Owl in its pitch materials to investors will help answer other key questions in the case. . . ."). Although the Court understands Plaintiff's motivation to delay the issuance of the third-party subpoenas until after the present motion to compel was resolved, the Court also finds that Plaintiff has failed to show good cause to extend the deadline for filing motions. This is particularly true given that discovery began in this case in late 2020—over 17 months ago—and that trial is now fast approaching.

Additionally, Plaintiff has failed to show whether this Court is the proper court to enforce the subpoenas at all. Federal Rule of Civil Procedure 45 governs discovery from non-parties conducted by subpoena. Rule 45(a)(2) provides that subpoenas are issued by the court in which the action is pending. Accordingly, this Court is the proper issuing court for the subpoenas Plaintiff issued. Furthermore, Rule 45(b)(2) permits service of a subpoena anywhere within the United States. However, Rule 45 also provides that motions to quash or enforce a subpoena are heard in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection."); Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ."); Fed. R. Civ. P.

---

[5] Given their stance on the present motion to compel, Defendants likely would have objected to any such discovery, but it would have started the ball rolling on such information and on the need for third-party subpoenas in 2021.

45(d)(3)(B) ("To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena . . . ."); *see also* Fed. R. Civ. P. 36(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."). Rule 45(f) authorizes the enforcement court—the district where compliance is required—to transfer a motion to quash or enforce a subpoena back to the trial court that issued the subpoena in limited instances. Rule 45(g) then permits "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

The next question, therefore, is whether this Court is the court where compliance is required. A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A). Because production of the documentary information sought through the subpoenas likely would not occur in person—as the documents can be mailed or electronically transmitted—the place where the subpoenaed entity "resides or works" is likely the place of compliance. *See Adams v. Symetra Life Ins. Co.*, No. 19mc401, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020) (collecting case law reaching various conclusions regarding which district is the "place of compliance"). As this Court has previously held,

> [t]his conclusion makes sense as a practical matter, because if the Court were to grant [a] motion [directed at an out-of-state entity] and then later issue an order to show cause why the subpoenaed entity should not be held in contempt for failure to comply with the subpoena to produce documents, the contempt hearing would take place in a district where the subpoenaed entity does not reside. The Court would then have to resolve questions of personal jurisdiction over the subpoenaed entity as a matter of due process. For all these reasons, requiring these enforcement motions and motions to be quashed to be filed in the district where

the subpoenaed entity is located (or to transfer them here only with the subpoenaed party's consent or in exceptional circumstances) is logical.

*Gutierrez v. Uni Trans, LLC*, No. CV 21-73 KWR/SCY, 2021 WL 2821071, at *2 (D.N.M. July 7, 2021).

Plaintiff did not attach her actual subpoenas to her motion, so the Court cannot review them to determine if they list a place of compliance in this district. Although Plaintiff also did not name the ten companies to which she sent subpoenas, Defendant attached an email from Plaintiff identifying the ten subpoenaed companies as Amazon, The Walt Disney Company, Frog Design, HTC, Invus, Jim Henson Company, Facebook/Meta/Oculus, Microsoft, Sony, and United Talent Agency. Doc. 350-6; *see also* Docs. 385-1, 385-2, 385-3 (emails between Plaintiff's counsel and counsel for Meta, Microsoft, and UTA regarding the subpoena). On their face, none of these companies appear to be New Mexico companies, meaning the place of compliance—where the subpoenaed entity "resides or works"—would not be in this district. As such, this Court would not have jurisdiction to enforce or quash the various subpoenas.

In sum, the Court find that Plaintiff has not shown good cause to extend the motions deadline and will thus decline her requested extension. The Court, however, recognizes that the authority to hear matters related to enforcement of the subpoenas may lie with a sister court. A different court with jurisdiction to hear these matters may choose not to be bound by this Court's deadlines.

Lastly, in their response brief, Defendants request that the Court quash the underlying subpoenas, arguing that the subpoenas provide an inadequate amount of time for the third parties to comply. The Court denies this request at this time because, as discussed, the parties have not provided information for the Court to determine if it is the proper court to consider motions related to the subpoenas, such as motions to quash. Additionally, Defendants have not shown

that they have standing to quash subpoenas which are directed at third parties. *See E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014) ("Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to the subpoena . . . . The exception to this rule is that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.").

## CONCLUSION

For these reasons, the Court DENIES "Plaintiff's Motion to Compel Discovery from Defendant Meow Wolf, Inc", Doc. 340, and Plaintiff's "Motion to Extend Deadline to File Motions to Compel Related to Third-Party Subpoenas", Doc. 385. Each side shall bear its own costs.

**IT IS SO ORDERED.**

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**