IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

    Plaintiff,

vs.                                                  Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., a Delaware
Corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

    Defendants.

**ORDER REGARDING OBJECTIONS**

On July 20, 2022 the Court entered an order on Defendants' Motion to Compel, allowing Defendants to submit to Plaintiff 25 names and 20 terms that Plaintiff would use to search the data recovered from her devices. Doc. 408. After receiving that list, the Court allowed Plaintiff the opportunity to file objections to any term she believes is unduly burdensome. *Id.* at 8. Plaintiff filed such objections, which are presently before the Court. Doc. 481; *see also* Doc. 485 (Defendants' response to objections). The Court will address each of Plaintiff's objections in turn.

1. **Emails to Marisa Frantz and Michael Lujan**

Plaintiff conducted searches of the 25 names and the only results she received are from Marisa Frantz and Michael Lujan. She asserts that those results are all "private personal communications that pre-date Plaintiff's first involvement with HoER, are unrelated to Meow Wolf or the instant action, and copy multiple third parties." Doc. 481 at 2. This objection is similar to an objection the Court would expect to receive in connection with a motion for a protective order related to the request for production through which this information is sought.

Plaintiff, however, has not objected to a specific request for production. As discussed in the order on Defendants' motion to compel, the parties agreed, and the Court confirmed, that Plaintiff must search the recovered data for any emails and attachments that are responsive to any request for production. Doc. 480 at 5-6.

Because the volume of hits any particular search term might yield cannot be determined before a search is conducted, the Court has allowed Plaintiff to object to using search terms that yield voluminous information. But the Court is not now considering objections related to relevance (except for temporal relevance, which largely affects volume). Plaintiff does not argue that the documents found when searching the names Marisa Frantz and Michael Lujan are not responsive to any request for production in this case. Thus, to the extent the documents are responsive to Defendant's requests for production, Plaintiff must produce those documents. In short, objections based on concerns of relevancy and confidentiality are too late. To fully consider such objections, the Court would require additional information related to the request for production at issue and the Court is not inclined to further delay the close of discovery so that it can obtain this information.

For these reasons, the Court overrules Plaintiff's objections regarding the names Marisa Frantz and Michael Lujan. Plaintiff must produce any recovered documents that are responsive to any request for production in this case. The Court, however, will limit the time period at issue. In its order regarding sanctions that ignited this recovered data saga, the Court summarized the interactions between the parties, noting that Plaintiff received an email from a Meow Wolf employee in November 2013 soliciting funding for Meow Wolf, but that Plaintiff does not allege that she discussed her art project with Meow Wolf until fall of 2014. Doc. 205 at 13. The Court

will thus limit the responsive documents Plaintiff must produce to any from 2014 forward, or any that are undated.

2. **Individual First and Last Names**

Plaintiff searched all 25 complete names and searched some of the first and last names individually—for example, she searched "Talia Kosh", "Talia", and "Kosh". She now objects to searching 12 individual names that she deems common and likely to produce a large number of irrelevant documents, such as Chris, William, and Anne. Doc. 481 at 4. She explains that "all of the data recovered from Plaintiff's devices are in files that contain snippets of emails . . . interspersed with volumes of unreadable code." Doc. 481 at 3. The files, she explains, represent hundreds of pages and it takes several minutes for a document to load in Plaintiff's e-discovery database to search terms. *Id.* But this process would have been the same for every search Plaintiff has done of the recovered data, yet she did not raise this objection in the original motion briefing. Additionally, Plaintiff does not support her objection with information regarding how many hits each name came back with, as she does for the search terms to which she objects. It is therefore difficult for the Court to evaluate her objection that the search is overly burdensome.

Defendants, for their part, respond that "Plaintiff's emails with the listed individuals, likely do not use their last names—making first name searches important." Doc. 485 at 3. As such, and for the reasons discussed above, the Court overrules Plaintiff's objection in part. Plaintiff shall search the recovered data using only the first names listed on page 4 of her objections. As with the emails from Marisa Frantz and Michael Lujan, Plaintiff need only produce documents from 2014 forward, or any that are undated.

### 3. Terms Plaintiff Searched

Plaintiff explains that she searched 9 terms provided by Defendants, but she objects to production of any documents because "[a]ll occurrences of these terms are (to the extent it can be determined) dated 2005-2013 and are unrelated to Meow Wolf or the instant action." Doc. 481 at 4. As discussed above, because the Court will limit the production of documents to those from 2014 forward, there are likely no documents for Plaintiff to produce. However, to the extent there are undated documents that are responsive to any request for production, for the same reasons discussed above concerning the names Marisa Frantz and Michael Lujan, Plaintiff shall produce them.

### 4. Terms Plaintiff Has Not Yet Searched

Lastly, Plaintiff has not yet searched 11 terms, asserting that the terms are overbroad. Doc. 481 at 5. She also asserts that "[g]iven the lack of results produced by the extensive and burdensome searches Plaintiff has already performed, there is simply no reason to believe that searches of the objectionable terms will 'produce relevant emails.'" *Id.* This argument misses the mark. Simply because other searches have not produced relevant responsive documents does not mean Plaintiff can cut short the Court-ordered search.

As to her burdensome objection, the Court agrees as to two terms: "IP" and "su*".[1] These terms will likely appear within multiple, unrelated words. Indeed, Plaintiff lists the number of results each search terms produced, with IP producing 413 instances and su* producing 2,494. The Court, thus, sustains Plaintiff's objections as to the search terms IP and su*.

---

[1] In their response, Defendants agree that "su*" should be replaced with "sue." Although searching "sue" may reduce the number of hits, the Court has no way to know by how much until Plaintiff is able to conduct that search and file another round of briefing. In the interest of bringing discovery to a close, the Court declines to consider this most recent proposed modification.

4

As for the remaining terms, given the number of results for each term, the Court does not find that the burden outweighs the potential benefit. Plaintiff shall search the recovered data for documents responsive to any request for production, using the terms licens*, credit, permission, copyright, registration, agreement, employ*, legal, and appro*. As with the other objections, Plaintiff may limit her responsive document to those from 2014 forward, or any that are undated. Additionally, as to four of the terms (credit, legal, copyright, and employ*), Defendants propose an additional limitation that the Court agrees with: Plaintiff need only search those terms as they appear within 20 words of space, owl, ISQ, quellette, MW, or Meow.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections (Doc. 481) are sustained in part and overruled in part as discussed in this Order. Plaintiff shall conduct the required search and produce documents responsive to any request for production with 14 days of the entry of this Order.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**