IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

v.                                                  Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

    Defendants.

## DEFENDANTS' MOTION TO INVALIDATE
## PLAINTIFF'S COPYRIGHT REGISTRATION VA 1-90-174

      Defendants Meow Wolf, Inc. and Vince Kadlubek move the Court under 17 U.S.C. § 411(b) to invalidate Plaintiff Lauren Oliver's copyright registration VA 1-90-174, on the grounds that existing factual findings of this Court and the Register of Copyrights render the registration statutorily invalid. Plaintiff opposes this motion.

### INTRODUCTION

      A copyright registration is a statutory precondition to filing a copyright infringement action in federal court; without a valid registration the court lacks subject matter jurisdiction over a copyright claim. 17 U.S.C. § 411(a). The Copyright Act provides that a copyright registration is valid, despite inaccuracies in it, "*unless*—

        (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

        (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

*Id.* § 411(b) (emphasis added). If a copyright registration meets both of these elements, that registration is statutorily invalid. *Id*. In *Argento v. Santiago*, 2018 U.S. Dist. LEXIS 25218, at *3 (W.D.N.Y. Feb. 15, 2018), the district court held:

> 17 U.S.C. § 411(b) requires the Court to answer two questions before invalidating a copyright registration: 1) whether "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and 2) whether "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). If the Court answers both questions in the affirmative, it should hold the registration "invalid and thus incapable of supporting an infringement action."

*Id.*; *see Sellpoolsuppliesonline, LLC, v. Ugly Pools Ariz., Inc*., 804 Fed. Appx. 668, 670 (9th Cir. 2020) (affirming district court's invalidation of copyright registration, and resulting dismissal of infringement claims, where plaintiff knowingly included inaccurate information in copyright registration application and Register of Copyrights told the court it would have refused registration had it known about the inaccurate information).

Here, both elements have been met as to plaintiff's registration, VA 1-90-174 (the VA Registration). This Court has already ruled that in her registration application, Ms. Oliver "knowingly and inaccurately indicated that she authored the bench. . . ." Doc. 492, at 16. And upon this Court's referral of the second question to the Register of Copyrights, the Register officially informed the Court as follows:

> After review of the available facts in this action along with the Court's analysis and application of the relevant law, regulations, and the Office's practices, the *Register hereby advises the Court that the Office would have refused the registration* if it had been aware that Ms. Oliver was not the author or owner of the copyright in the artistic bench depicted in the deposit materials for her application.

Doc. 529, at 10 (emphasis added).

In these circumstances, the statute provides that the Registration is not valid and cannot serve as a basis for an action brought in federal court. "A certificate of registration satisfies the requirements of this section [providing that a registration is a precondition to a lawsuit] . . . *unless* [A] . . . and [B] . . . ." 17 U.S.C. § 411(b)(1) (emphasis added).

While the Register here went on to discuss the possibility that plaintiff's registration could be remedied by seeking a supplemental registration, such a change to a copyright registration is generally not allowed while litigation is pending. Doc. 529, at 9 ("However, because Ms. Oliver's registration is the subject of litigation, the Office would follow its usual practice to decline to consider a supplementary registration until resolution of the dispute," unless the Court directs the Register otherwise) (citing 2021 *Compendium of U.S. Copyright Office Practices* (Third) § 1802.9(G)). The Compendium provides that supplemental registration should only be allowed during litigation for "minor changes or changes that are not likely to be at issue in a legal dispute," such as "spelling mistakes, clerical errors, or changes to the title of the work." 2021 *Compendium* (Third) § 1802.9(G). Supplementary registration during litigation should not be allowed "if it seems likely the proposed change would be directly at issue in the litigation," or "if it seems likely that the proposed change, correction, or amplification may confuse or complicate the pending dispute." *Id*.

Here, a supplemental registration would inject a new effective date of registration date into this case when plaintiff's effective date of registration is highly consequential. *See* Doc. 529, at 9. The enhanced remedies of attorneys' fees and statutory damages depend on when infringement began relative to the effective date of registration. *See* 17 U.S.C. § 412. Defendants' motion for summary judgment on this issue, relying on plaintiff's current effective dates of registration, is hotly disputed and has been fully briefed for nearly a year. *See* Doc. 384 (arguing that based on

effective date of registration, enhanced remedies of statutory damages and attorneys' fees are unavailable).

This case has been litigated for three years on the basis of the registrations plaintiff chose to file. A substantially-extended discovery period has long since closed, the deadline for summary judgment has long since passed, and the rights of the parties have been submitted to the Court. Allowing plaintiff to change the ground rules when this case is nearly at the finish line would be highly prejudicial to defendants. Ms. Oliver may certainly file a supplemental application after this case to correct the Registration and enforce her rights against another infringer. But the supplemental registration Ms. Oliver would need to file is not of the type allowed during litigation to correct minor issues such as "spelling mistakes" or "clerical errors." 2021 *Compendium* (Third) § 1802.9(G).

## ARGUMENT

### I
### IN SIMILAR CIRCUMSTANCES COURTS
### HAVE INVALIDATED REGISTRATIONS UNDER § 411(b)(1)

Before this Court's referral, there had been only twenty-eight prior referrals to the Register of Copyrights under 17 U.S.C. Section 411(b)(2). Out of those situations there is one factually similar case involving visual art and falsity in the authorship claim. In *Argento v. Santiago*, the district court found a knowingly false claim of authorship, and then asked the Register if she would have rejected the plaintiff's graphic art registration had she known the plaintiff falsely claimed to be the work's author on the copyright registration application. 2018 U.S. Dist. LEXIS 25218, at *3 (W.D.N.Y. Feb. 15, 2018). The Register responded that she would have refused registration but went on—as she did in this case—to describe the option for a claimant to supplement a registration. *See Argento*, U.S. Dist. LEXIS 25218, Doc. 46 at 3–4 (No. 16-CV-6172-FPG-MWP). As set out above, the district court applied the two elements of § 411(b)(1) and held the registration invalid.

4

*Argento*, 2018 U.S. Dist. LEXIS 25218, at *3 (citing *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, 988 S.D.N.Y. 1980)).

The Ninth Circuit recently affirmed the same analysis by the United States District Court for the District of Arizona in *Sellpoolsuppliesonline, LLC, v. Ugly Pools Ariz., Inc.*, 804 Fed. Appx. 668, 670 (9th Cir. 2020). The Ninth Circuit wrote, "We agree with the district court that Plaintiff's certificate of registration was invalid because" plaintiff knowingly included inaccurate information in copyright registration application, and "the Register of Copyrights told the court that it would have refused registration had it known about the inaccurate information." *Id.*

## II
## SUPPLEMENTAL REGISTRATION SHOULD NOT BE ALLOWED DURING LITIGATION EXCEPT FOR MINOR ISSUES SUCH AS CLERICAL OR SPELLING ERRORS

The Copyright Office's guidance does not allow it to issue supplemental registrations during litigation if the proposed change "would be directly at issue in the litigation" or "may confuse or complicate the pending dispute." 2021 *Compendium* (Third) § 1802.9(G). Supplementary registrations are only allowed during litigation for minor or clerical issues:

> If the Office is aware that there is litigation or an adverse claim involving a basic registration, the Office may issue a supplementary registration if the applicant intends to make a minor change to that registration. Similarly, the Office may issue a supplementary registration if the proposed change does not appear to be directly at issue in the dispute. Examples of minor changes or changes that are not likely to be at issue in a legal dispute include spelling mistakes, clerical errors, or changes to the title of the work.

*Id.* Here, as set out above, the Register of Copyrights has informed the Court and parties that a supplementary registration would provide a new effective date of registration (EDR) in this case. Doc. 529, at 9 ("If Ms. Oliver files a supplementary registration application and it is accepted, the supplementary registration would be assigned a new EDR."). While the Register of Copyrights had no reason to know this, the EDR is materially at issue in this case, with plaintiff's claims for

attorneys' fees and statutory damages depending on it. *See* Doc. 384. In responding to defendants' summary judgment motion on this issue, plaintiff argues that infringement began during this litigation, which would make it highly consequential whether plaintiff's EDR is in 2019 or 2023. *See* Doc. 444, at 3–5. Substantial rights could be affected by a change in plaintiff's effective date of registration.

At a minimum, a supplementary registration here "may confuse or complicate the pending dispute." 2021 *Compendium* (Third) § 1802.9(G). Substantial additional time would be needed to see if a supplementary registration were granted by the Copyright Office. If granted, more briefing would be needed in this Court on the meaning and effect of the supplementary registration. As the Register noted in her opinion, "It would then be within the Court's discretion to determine whether the errors in the original registration were material or not and whether the amended registration should be "deemed effective as of the date that the [original] registration was made or the date that the supplementary registration was made." Doc. 529, at 9–10 (quoting *Compendium* (Third) § 1802.12). Such confusion, and the time and expense of additional rounds of briefing, are also prejudicial.

Plaintiff's present situation, in which her Registration is invalid, was not caused by any intricacies of copyright practice or even by a merely negligent mistake. The Court has found that Ms. Oliver knowingly included false information in her application for the Registration. *See* Doc. 492, at 16. The application was filed with the help of counsel. Plaintiff made the choice in a federal filing to take credit for something she did not create, then brought a lawsuit based on that filing. Countless documents, hours of testimony, and pages of briefing and rulings took place based on her misrepresentation to the Copyright Office. It is appropriate for plaintiff to live with the consequences of her decision. The effective date of her copyright registrations is the subject of

summary judgment motions before the Court. The correction plaintiff proposes is not of a clerical error or a minor issue unrelated to this case. Supplementation should be declined and the Registration held invalid under 17 U.S.C. § 411(b).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, plaintiff's copyright registration VA 1-90-174 should be declared invalid, along with such further relief as the Court deems appropriate.

Dated: March 24, 2023.

Respectfully submitted,

BARDACKE ALLISON LLP

*/s/* Benjamin Allison
Benjamin Allison
Billy Trabaudo
141 East Palace Avenue
Santa Fe, New Mexico 87504-1808
(505) 995-8000
ben@bardackeallison.com
billy@bardackeallison.com

*Attorneys for Defendants Meow Wolf, Inc. and Vince Kadlubeck*

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing filing to be filed through the Court's CM/ECF system, which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

*/s/* Benjamin Allison
Benjamin Allison