IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

    Plaintiff,

v.                                                                         Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., *et al.,*

    Defendants.

## ORDER ON MOTION TO PERMIT REDACTION AND ALLOWING DOC. 463 TO REMAIN UNDER SEAL

Before the Court is Defendants' Unopposed Motion to Permit Redaction (Doc. 462) ("Motion"), filed June 30, 2022. Having considered the Motion, the record, and the relevant law, and being otherwise fully advised, the Court finds good cause to conditionally grant the Motion.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access … particularly … where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation and quotation marks omitted). Nevertheless, "where the documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction

of public access absent a countervailing reason." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) (quotation marks omitted).[1]

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker*, 315 F. App'x at 755. The district court must also "consider whether selectively redacting just the … sensitive, and previously undisclosed, information from the sealed … documents and then unsealing the rest" would adequately protect the privacy interests at stake. *Pickard*, 733 F.3d at 1304.

In Defendants' Motion, they seek an order permitting redaction of "confidential financial information" in their Reply in Further Support of Their Motion to Exclude the Expert Opinions of Russell W. Magnum III, asserting that "Meow Wolf, Inc.'s non-public … total revenue is confidential sensitive information" that could "impact [its] competitiveness in the market." (Doc. 462 at 1.) The Court concludes that Defendants' concerns are valid and suffice at this juncture to outweigh the presumption in favor of access to judicial records. The Court also agrees with Defendants that redacting the confidential financial information at issue will "not materially undermine or otherwise detract from any party's argument or factual presentation in the briefing" on Defendants' Motion to Exclude the Expert Opinions of Russell W. Magnum III. (*Id.*) Thus, the Court will grant the Motion and allow Defendants' unredacted Reply in Further Support of Their Motion to Exclude the Expert Opinions of Russell W. Magnum III (Doc. 463), to remain under

---

[1] S*ee United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value.)

seal at this time. However, if in a future order the Court relies on any information that this Order allows to be sealed from the public, the Court may weigh the parties' and the public's interests differently and may require such information to be filed in the public record.

    IT IS THEREFORE ORDERED that Defendants' Unopposed Motion to Permit Redaction (Doc. 462) is GRANTED. Defendants' unredacted Reply (Doc. 463) will remain under seal subject to further Order of the Court.

    IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE