IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

    Plaintiff,

v.                                                        Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., *et al.*,

    Defendants.

## ORDER ON JOINT CONSOLIDATED MOTION
## TO KEEP CERTAIN EXHIBITS UNDER SEAL

Before the Court is the parties' Joint Consolidated Motion to Keep Certain Exhibits Under Seal (Docs. 546, 547) ("Motion"), filed April 11, 2023. Having considered the Motion, the record, and the relevant law, and being otherwise sufficiently advised, the Court **FINDS** that the Motion is well-taken in part and it is hereby **GRANTED IN PART** and **DENIED IN PART** as follows.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access … particularly … where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted).

> [T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation and quotation marks omitted). Nevertheless, "where the documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction

of public access absent a countervailing reason." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) (quotation marks omitted).[1]

"[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker*, 315 F. App'x at 755. The district court must also "consider whether selectively redacting just the … sensitive, and previously undisclosed, information from the sealed … documents and then unsealing the rest" would adequately protect the privacy interests at stake. *Pickard*, 733 F.3d at 1304.

The parties filed the present Motion in response to the Court's Order Denying Motions to Seal Without Prejudice and Setting Deadline (Doc. 542), filed March 28, 2023. In that Order, the Court denied ten of the parties' motions to seal without prejudice to each designating party filing a single motion to seal addressing all at-issue information and exhibits in accordance with the declaration requirement in paragraph 11 of the Protective Order (Doc. 56) entered in this case on October 22, 2020. (Doc. 542 at 2.) The Court further directed that any such motion should address

> (1) the designating party's **present** interest in keeping the at-issue information and exhibits sealed from public view at this juncture vis-à-vis the public's strong interest in having access to judicial records (and in light of any of the Court's prior rulings in this case, as applicable); and (2) whether selectively redacting just the sensitive, and previously undisclosed, information from the sealed documents and then unsealing the rest would adequately protect the privacy interests at stake.

(*Id.* (emphasis in original).) The Court indicated that it would "keep the at-issue material temporarily sealed on the docket pending its consideration of any such [m]otions" but that if a

---

[1] *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value.)

designating party failed to file a motion as ordered, the Court would "direct the unsealing of the exhibits that have not been addressed as required." (*Id.*)

In the present Motion, the parties first indicate that they no longer seek to seal ten of the at-issue exhibits. (Doc. 546 at 1 & n.2.) There are three pleadings that the parties filed under seal *solely* to preserve the confidentiality of one or more of these ten exhibits: (a) Defendants' Motion for Partial Summary Judgment Dismissing Plaintiff's Claim of Violation of the Visual Artist Rights Act (Docs. 371, 372); (b) Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment Limiting Remedies Available for Plaintiff's Copyright Infringement Claim (Doc. 444); and, (c) Plaintiff's Response [to] Defendants' Motion to Exclude Expert Opinion Testimony of G. James Daichendt (Docs. 447, 448). With respect to each of these pleadings, the Court hereby **ORDERS** the party or parties that filed the pleading to file a notice of withdrawal of the pleading as filed in the public record with alleged confidential exhibits excluded (*i.e.*, Docs. 371, 448), **within ten (10) days of entry of this Order**. The Court further directs the Clerk to **UNSEAL** each of these pleadings as previously filed under seal (*i.e.*, Doc. 372, 444, 447).

Next, the parties ask the Court to seal two exhibits in their entirety, pointing out that these exhibits "are detailed financial statements including complete information on what Meow Wolf, Inc. has spent in each year on … all … facets of their cutting-edge immersive art business." (Doc. 546 at 2; Doc. 546-1.) The Court agrees that "such competitively sensitive information is appropriately sealed." (Doc. 546 at 2.) The Court therefore **GRANTS** the Motion insofar as it asks the Court to keep these exhibits—Exhibits F and G to Defendants' Motion to Exclude the Expert Opinions of Russell W. Mangum III (Docs. 389-6, 389-7)—under seal, although the Court may revisit this determination if future proceedings materially alter the balance between Defendants' and the public's competing interests. *Cf. Pickard*, 733 F.3d at 1302 ("Consistent with [the]

3

presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed.").

Finally, the parties seek leave to file twelve exhibits under seal, and to file redacted versions of these exhibits in the public record. (Doc. 546 at 3.) The parties contend that their proposed redactions "are narrowly tailored to protect the parties' non-public financial information and to protect nonparties' privacy yet permit the public to understand the exhibits." (*Id.*) The Court has reviewed the proposed redactions and makes the following findings:

- Exhibit H to Defendants' Motion for Partial Summary Judgment on Contract and Related Claims is excerpted from the Preliminary Expert Report of Marianne L. DeMario. (Doc. 362-8.) The parties have properly supported the proposed redactions to this exhibit, with the following exceptions. The proposed redactions to the table on page 4 are inappropriate because the redacted sums have already been publicly disclosed on pages 6 to 7 of the redacted version of Exhibit CC to the parties' Motion.[2] (Doc. 546-2 at 4; Doc. 547-2 at 4; Doc. 547-3 at 6-7); *see Mann*, 477 F.3d 1149 (fact that information appeared to have been previously publicly disclosed undermined party's privacy concerns). Also inappropriate are the proposed redactions to page 5, because the redacted sums have already been publicly disclosed on page 11 of the redacted version of Exhibit CC to the Motion, except for the last sum, which can be easily calculated from the publicly disclosed figures on pages 6 to 7 of that exhibit. (Doc. 546-2 at 5; Doc. 547-2 at 5; Doc. 547-3 at 6-7, 11.)

---

[2] Also, these sums can be easily calculated from the sums shown on the redacted table by adding $1.2 million, as noted in the row entitled "Less," to the sums in the row entitled "Revenues subject to Revenue Share." (Doc. 546-2 at 4; Doc. 547-2 at 4.)

- Exhibit J to Defendants' Motion for Partial Summary Judgment on Contract and Related Claims is a "Disclosure Document Provided to Potential Investors in Loan Participation Units of VCMSE Art City, LLC dba Meow Wolf." (Doc. 362-10.) The parties have properly supported the proposed redactions to this exhibit, with the following exceptions. The proposed redactions to Table 1 on page 5, in the row entitled "Revenue," are inappropriate because these numbers have already been publicly disclosed on page 11 of the redacted version of Exhibit CC to the parties' Motion. (Doc. 546-2 at 11; Doc. 547-2 at 11; Doc. 547-3 at 11.) Also inappropriate is the proposed redaction to page 11 of Exhibit J regarding Defendant Kadlubek's 2012 shoplifting arrest, because this information has already been publicly disclosed in published media. (Doc. 546-2 at 17; Doc. 547-2 at 17); *see, e.g.*, T.S. Last, "Council candidate outs shoplifting charge against Santa Fe Planning Commission chairman," *Albuquerque Journal* (Nov. 23, 2015).

- Exhibit A to Defendants' Motion to Exclude the Expert Opinion Testimony of Marianne L. DeMario is also excerpted from the Preliminary Expert Report of Marianne L. DeMario. (Doc. 366-1.) The parties have properly supported the proposed redactions to this exhibit, with the following exceptions. The proposed redactions to the table on page 10 are inappropriate because the figures in the row entitled "Total Revenue" have already been publicly disclosed on pages 6 to 7 of the redacted version of this same exhibit, and the figures in the row entitled "Revenues subject to Revenue Share" have already been publicly disclosed on page 4 of the redacted version of Exhibit BB to the present Motion.[3] (Doc. 547-2 at 4; Doc. 546-3 at 10; Doc. 547-3 at 6-7, 10.) The proposed redactions to page 11

---

[3] These sums can also be calculated from the unredacted sums in the table by multiplying the sums in the row entitled "Total Revenue Share" by 100, dividing them by 11 to arrive at "Revenues subject to Revenue Share," and adding $1.2 million to arrive at "Total Revenue." (Doc. 546-3 at 10; Doc. 547-3 at 10.)

are also inappropriate because the first redacted figure has already been publicly disclosed on pages 6 to 7 of the redacted version of this same exhibit, and the second redacted figure has already been publicly disclosed on page 5 of the redacted version of Exhibit BB to the present Motion. (Doc. 546-3 at 11; Doc. 547-2 at 5; Doc. 547-3 at 6-7, 11.) And, the last two proposed redacted figures on page 16 are inappropriate because they have already been publicly disclosed on page 8 of the redacted version of this same exhibit. (Doc. 546-3 at 16; Doc. 547-3 at 8, 16.)

- Exhibit C to Defendants' Motion to Exclude Expert Opinion Testimony of G. James Daichendt is excerpted from Dr. Daichendt's deposition. (Doc. 381 at 3; Doc. 381-3.) None of the proposed redactions to this exhibit are appropriate, because none of them concern a party's non-public financial information, a nonparty's privacy, or otherwise facially confidential information. (Doc. 546-4; Doc. 547-4.)

- Exhibit 12 to Defendants' Motion for Partial Summary Judgment Limiting Remedies Available for Plaintiff's Copyright Infringement Claim is a "Q3 2017 Pitch Deck." (Doc. 384 at 6; Doc. 384-12.) The parties have properly supported the proposed redactions to this exhibit. (Doc. 546-5 at 1-13; Doc. 547-5 at 1-13.)

- Exhibit 16 to Defendants' Motion for Partial Summary Judgment Limiting Remedies Available for Plaintiff's Copyright Infringement Claim is excerpted from the expert report of Russell W. Mangum III, Ph.D. (Doc. 384-16.) The parties have properly supported the proposed redactions to this exhibit. (Doc. 546-5 at 14-27; Doc. 547-5 at 14-27.)

- Exhibit 19 to Defendants' Motion for Partial Summary Judgment Limiting Remedies Available for Plaintiff's Copyright Infringement Claim consists of exhibits to Dr. Mangum's report. (Doc. 384 at 20; Doc. 384-19.) The parties have properly supported the

proposed redactions to this exhibit, with the following exceptions. The proposed redactions to the table on page 8 are inappropriate. (Doc. 546-5 at 35; Doc. 547-5 at 35.) The redacted figures concern Defendant MWI's profit from the sale of a coloring book and exhibition catalog that, according to Plaintiff, include infringing images of her work. This information appears centrally relevant to Plaintiff's claimed damages and is not so commercially sensitive that Defendants' interest in keeping it private outweighs the public's strong interest in having access to it.

- Exhibit 20 to Defendants' Motion for Partial Summary Judgment Limiting Remedies Available for Plaintiff's Copyright Infringement Claim is excerpted from the expert report of economist Fernando Torres. (Doc. 384-20.) The parties have properly supported the proposed redactions to this exhibit, with the following exceptions. The proposed redaction to page 17 is inappropriate because payments Plaintiff received for merchandise she sold on consignment in the House of Eternal Return ("HoER") gift shop appear relevant to her claimed damages and are not so sensitive that any party's interest in keeping them private outweighs the public's strong interest in having access to them. (Doc. 546-5 at 56; Doc. 547-5 at 56.) Likewise, most of the proposed redactions to page 18, and all of the proposed redactions to pages 28 and 29, are inappropriate because they concern the parties' revenue and profit from merchandise Plaintiff sold on consignment and merchandise that allegedly includes infringing images of her work. (Doc. 546-5 at 57, 67-68; Doc. 547-5 at 57, 67-68.) However, the proposed redactions on page 18 to (a) the paragraph numbered three, (b) the second sentence of the last paragraph on the page, and (c) footnote 65, fall outside of these categories and will be allowed. Finally, the proposed redactions to page 39 are inappropriate because they concern compensation allocated to HoER artists, without

identifying artists other than Plaintiff by name, and appear centrally relevant to, among other claims, Plaintiff's unjust enrichment claims and Defendants' contract counterclaim. (Doc. 546-5 at 78; Doc. 547-5 at 78.)

- Exhibit 11 to Plaintiff's Response to Motion for Summary Judgment Dismissing Claims Against Defendant Vince Kadlubek is a June 2016 e-mail thread between Caity Kennedy and Brian Hart. (Doc. 377-11.) The Court cited to this e-mail thread and identified Mr. Hart by name in the publicly-filed version of its March 28, 2023 Memorandum Opinion and Order. (Doc. 541 at 7-8 n.8.) The redaction of Mr. Hart's name from this e-mail is therefore inappropriate. However, the remaining redactions are appropriate to preserve Mr. Hart's privacy interests. (Doc. 546-6 at 1-3; Doc. 547-6 at 1-3.)

- Exhibit 13 to Plaintiff's Response to Motion for Summary Judgment Dismissing Claims Against Defendant Vince Kadlubek is a letter from Sean Di Ianni "To Whom [I]t May Concern" documenting the agreement of Meow Wolf LLC to pay a contractor's bills relating to the HoER. (Doc. 377-13.) The parties have properly supported the proposed redaction to this exhibit. (Doc. 546-6 at 4-5; Doc. 547-6 at 4-5.)

- Exhibit 16 to Plaintiff's Response to Motion for Summary Judgment Dismissing Claims Against Defendant Vince Kadlubek is an Independent Contractor Agreement between VCMSE Art City LLC ("Art City") and Liberty Yablon. (Doc. 377-16.) The parties have properly supported the proposed redactions to this exhibit, except that the redaction of Ms. Yablon's name is inappropriate because the Court cited to this exhibit and identified Ms. Yablon in the publicly-filed version of its March 28, 2023 Memorandum Opinion and Order. (Doc. 541 at 8; Doc. 546-6 at 6-14; Doc. 547-6 at 6-14.) In addition, the Court cited to undisputed evidence that pre-opening contracts between Art City and artists to install art

in the HoER "were identical, with blanks for the names of the artists and their compensation numbers," which were "filled in by hand[.]" (Doc. 541 at 9.) Thus, Ms. Yablon's identity and the boilerplate terms of her contract are already part of the public record.

- Finally, Exhibit B to Plaintiff's Reply in Support of Motion for Leave to File Surreply for the Limited Purpose of Supplementing the Record on Pending Motions for Summary Judgment with Recently-Discovered Evidence is a contractor's estimate for work to be performed for Meow Wolf LLC. (Doc. 495-2.) The parties have properly supported the proposed redactions to this exhibit. (Docs. 546-7, 547-7.)

In light of these findings, the Court further **ORDERS** as follows:

1. With respect to Exhibit C to Defendants' Motion to Exclude Expert Opinion Testimony of G. James Daichendt (Docs. 381, 382): (a) Defendants shall, ***within ten (10) days of entry of this Order***, file a notice of withdrawal of the motion as filed in the public record with alleged confidential exhibits excluded (*i.e.*, Doc. 382); and, (b) the Clerk is directed to **UNSEAL** the motion as previously filed under seal (*i.e.*, Doc. 381).

2. With respect to Exhibits H and J to Defendants' Motion for Partial Summary Judgment on Contract and Related Claims (Docs. 362, 363), and Exhibit B to Plaintiff's Reply in Support of Motion for Leave to File Surreply for the Limited Purpose of Supplementing the Record on Pending Motions for Summary Judgment with Recently-Discovered Evidence (Docs. 495, 496)—all of which were submitted in connection with motions the Court has already resolved—Defendants (as to Exhibits H and J) and Plaintiff (as to Exhibit B), shall, ***within ten (10) days of entry of this Order***, publicly file redacted versions of these exhibits that include the parties' proposed redactions ***but exclude any redactions the Court has found inappropriate***. Each side shall link its respective exhibits to the publicly filed pleadings from which the exhibits were

originally excluded (*i.e.*, Docs. 363, 496) on the Court's electronic docket. Also, each side shall file a cover sheet along with its respective exhibits that clearly identifies the publicly filed pleadings from which the exhibits were originally excluded, the original letter designations of the exhibits, and the fact that the exhibits are redacted. The previously filed, sealed pleadings that include these three exhibits without redaction (*i.e.*, Docs. 362, 495) will remain under seal at this time, although the Court may revisit this determination if future proceedings materially alter the balance between the parties' and the public's competing interests.

       3.      With respect to the eight remaining proposed redacted exhibits, each side shall, ***within ten (10) days of entry of this Order***:  (a) file a notice of withdrawal of its pleadings that include one or more of these exhibits, ***but only the versions of these pleadings filed in the public record with alleged confidential exhibits excluded***; and, (b) publicly refile redacted versions of these pleadings that include the parties' proposed redactions ***but exclude any redactions the Court has found inappropriate***.[4] The previously filed, sealed pleadings that include these eight exhibits without redaction will remain under seal at this time, although the Court may revisit this determination if future proceedings materially alter the balance between the parties' and the public's competing interests.

      IT IS SO ORDERED.

 

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[4] The publicly refiled redacted versions of such pleadings should include any exhibits that the parties have agreed to unseal but may exclude any exhibits the Court has allowed to remain sealed in their entirety.