IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,
an individual,

    Plaintiff,

v.                                            Case No. 1:20-CV-00237-KK-SCY

MEOW WOLF, INC., a Delaware
corporation; VINCE KADLUBEK,
an individual and officer; and
DOES 1-50,

Defendants.

## MOTION FOR JUDGMENT ON THE
## PLEADINGS DISMISSING PLAINTIFF'S COPYRIGHT CLAIMS

    Defendants Meow Wolf, Inc. (MWI) and Vince Kadlubek move the Court for dismissal of plaintiff's remaining copyright claims because the copyright registration on which they are based has been held invalid and is therefore statutorily incapable of supporting an infringement action. This motion is opposed by the plaintiff.

### INTRODUCTION

    The Court has recently held that Plaintiff Lauren Oliver's copyright registration VA0002170075 (the VA Registration) is invalid as a matter of law, and because of that invalidity is "insufficient to support a copyright infringement action under 17 U.S.C. § 411(a)." Doc. 566 at 15. Ms. Oliver's copyright infringement claims in this action are specifically based on her VA Registration, requiring that they now be dismissed.[1]

---

[1] In her recent Motion for Reconsideration, plaintiff offers in footnote 2 that in counsel's conference about the merits of this motion, she asked defendants to delay filing it until we saw her motion for reconsideration and assessed its likelihood of success. Doc. 568 at 3 n.2. Plaintiff notes that this motion was not yet filed—suggesting that defendants might see merit in reconsideration. Defendants did not delay this motion based on plaintiff's meritless arguments for reconsideration.

First, although Ms. Oliver has two copyright registrations, her complaint specifically ties her copyright infringement claims to one registration covering Ice Station Quellette as installed in Meow Wolf's House of Eternal Return (HoER). Plaintiff's Amended Complaint does this by alleging in Count 1 that she owns, in the singular, "*a* valid copyright covering elements of the ISQ at HoER, including the Space Owl." Doc. 148 at ¶ 81 (emphasis added). This specificity is required by the law because a work may not have more than one copyright registration. 37 C.F.R. § 202.3 ("As a general rule only one copyright registration can be made for the same version of a particular work.").

Second, Ms. Oliver has confirmed under oath what the VA Registration itself makes clear: that it covers the HoER version of ISQ. Ms. Oliver has been equally clear that her other copyright registration, TXu002144749, covers the narrative, characters, and images related to ISQ as she had developed them prior to HoER. She testified that the VA Registration covered the ISQ installation at HoER: "So the second registration [VA] was intended to cover the work at House of Eternal Return. Is that right? . . . [MS. OLIVER]: Correct." *Id*. She also testified the TXu registration "was covering the story, because as you probably are aware, it's a much larger project than what you just see at Meow Wolf. It has a story, a narrative, and it has characters. It's a large – I think of it as a platform[,] . . . that's what [TXu] was for." Doc. 236-4 at 4. Plaintiff further testified that "a children's book" is the Copyright Office's "analog for what [the TXu Registration represent[s] with the story and images that were integrated." *Id.*

Third, Ms. Oliver makes no claim for copying of any version of ISQ installed anywhere other than HoER and also makes no claim that any text or narrative or story related to ISQ was copied. In fact, plaintiff alleged that Meow Wolf's *refusal* to adopt her narrative surrounding ISQ,

2

and instead imposing its own narrative, violated her rights under VARA. *See* Doc. 570 at 26–27; *see also* Doc. 148 at 13, 18.

The Court has already noted that a valid copyright registration is required to sustain infringement claims in federal court. *See* Doc. 566 at 13–15 (citing *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.,* 804 F. App'x 668, 670 (9th Cir. 2020); *Neman Bros. & Assoc., Inc. v. Interfocus, Inc.*, No. 20-cv-11181, 2023 WL 115558, at *13 (C.D. Cal. Jan. 4, 2023)). The Court's holding that "copyright registration numbered VA 2-170-075 is declared to be invalid and inadequate to support copyright infringement under 17 U.S.C. § 411" requires that all claims based on the VA registration be dismissed. Doc. 566 at 23. Because this case is based on ISQ as installed at HoER, and because that version of ISQ is covered by the invalid VA Registration, Ms. Oliver's copyright infringement claims in this case should be dismissed with prejudice.

## LEGAL STANDARD

When deciding a motion for judgment on the pleadings, "'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account' although the court's determination rests primarily upon the allegations of the complaint." *Humane Soc'y of the United States v. Kienzle,* No. 16-cv-0724 WJ/SMV, 2017 U.S. Dist. LEXIS 181784, at *16 (D.N.M. Nov. 2, 2017) (quoting *Barany-Synder v. Weiner*, 539 F.3d, 327, 332 (6th Cir. 2008)). The court treats a Rule 12(c) motion for judgment on the pleadings as a motion for failure to state a claim made under Fed. R. Civ. P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citing *McHenry v. Utah Valley Hosp.*, 927 F.2d 1125, 1126 (10th Cir. 1991). "'[W]hen the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief,' the cause of action should be dismissed" *Ferri v. N.M.*

3

*Dep't of Corr.*, No. 18-cv-1012 KWR-KRS, 2020 U.S. Dist. LEXIS 70908, at *5 (D.N.M. Apr. 22, 2020) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007)).

## ARGUMENT
## I
## PLAINTIFF'S CLAIMS IN THIS CASE ARE FOUNDED SOLELY ON THE INVALID VA REGISTRATION

The Copyright Act identifies various categories of protected works. One category includes literary works, and another includes pictorial, graphic, and sculptural works. 17 U.S.C. § 102(a). The first step in completing an application for copyright registration is to identify the type of work the registration will cover. The Copyright Office has prescribed five basic classes of works based on the categories in Section 102(a). *See* Copyright Compendium (Third) § 609.2. Among the five classes are TX and VA. *Id.* These classes determine the form that an applicant uses when applying for registration. *Id.* An applicant uses Form TX "if the work is a nondramatic literary work, such as fiction, nonfiction, poetry, a textbook, a reference work, a directory, a catalog, advertising copy, a compilation of information, a computer program, a textual work made available online, or a database." *Id.* Form VA is used "if the work is a pictorial, graphic, or sculptural work, including a two-dimensional or three-dimensional work of fine, graphic, or applied art . . . ." *Id.* A registration indicates the class in the registration number—for example VA-xxx-xxx or TX-xxx-xxx. *See id*.

The law also allows only one copyright registration per work. Under 37 C.F.R. § 202.3(b)(9), the general rule is that "only one copyright registration can be made for the same version of a particular work." *Bradford v. Nationwide Ins. Co. of Am.*, 797 Fed. App'x. 874, 875 n.2 (5th Cir. 2020) (holding that allegations that two copyright registrations covered the same source code made little sense because the general rule under 37 C.F.R. Section 202.3 (2019) is that "only one copyright registration can be made for the same version of a particular work").

A.  **Plaintiff's Copyright Claims Allege Only Copying of what is Installed at HoER—the Work Covered In the VA Registration**

Plaintiff only claims to be "the sole author and owner of *__a__ valid* copyright covering elements of the ISQ *at HoER*, including the Space Owl." Doc. 148 at ¶ 81 (emphases added). Because there cannot be two registrations for the same work, the elements of the ISQ at HoER, including the space Owl, are covered in either the TX registration or the VA Registration, but not both. *See* 12 Nimmer on Copyright 619.11 (2023) ("[T]he U.S. Copyright Office will not knowingly issue more than one basic registration for the same work") (citing 37 C.F.R. § 202.3(b)(11)). Here, Register of Copyrights Shira Perlmutter has, as a result of questions posed to her by this Court, actually reviewed plaintiff's two registrations and confirmed that the VA Registration "specifically excluded from the claim 'text' and the material covered by previous registration number TXu002144749, another registration owned by Ms. Oliver for a brochure about the art installation." Doc. 529 at 2. Thus, the two registrations do not cover the same work.

It is undisputed that the VA Registration covers ISQ as installed at HoER: the VA Registration certificate states that the ISQ version it covers was completed in 2016 and first published March 16, 2016—the opening date of HoER and the day that ISQ in HoER went on public display. *Compare* Doc. 250-6 at 2 *with* Doc. 563 at 4–5. The VA Registration identifies the work it covers as including "sculpture," comporting with the Amended Complaint's reference to Space Owl as a primary component of ISQ. *Compare* Doc. 250-6 *with* Doc. 148 at ¶ 81. Plaintiff's TXu registration does not include sculpture. Doc. 250-5 at 2. The Court also observed that "[p]laintiff testified that the VA Registration is for 'the Ice Station piece at Meow Wolf.'" Doc. 566 at 3 (quoting Doc. 236-4 at 4).

B.   **Plaintiff's TXu Registration Covers a "Platform," "a Narrative," A "Children's Book" With Integrated Story and Images, and a "Much Larger Project than What You Just See at Meow Wolf"**

As noted above, the TXu registration does *not* list sculpture for the work it covers. Ms. Oliver testified the TXu registration "was covering the story, because as you probably are aware, it's a much larger project than what you just see at Meow Wolf. It has a story, a narrative, and it has characters. It's a large – I think of it as a platform[,] . . . that's what [TXu] was for." Doc. 236-4 at 4. "Plaintiff further testified that 'a children's book' is . . . the Copyright Office's "analog for what [the TXu Registration] represent[s] with the story and images that were integrated." Doc. 566 at 3 n.5 (quoting Doc. 236-4 at 4). This is not the work plaintiff claims was infringed in this action.

## II
## AS AN INDEPENDENT AND ALTERNATIVE GROUND FOR DISMISSING PLAINTIFF'S COPYRIGHT CLAIMS, DEFENDANTS' MARKETING CONDUCT WAS UNDISPUTED BY THE PLAINTIFF

The Court held that "MWI holds an implied, irrevocable, nonexclusive license to use images of ISQ to market and promote HoER for the first ten years of its operation." Doc. 563 at 18. At the same time, however, the Court denied summary judgment with respect to specific uses, holding defendants had not provided evidence the uses were intended to market or promote HoER. Doc. 563 at 21.

But a party need not prove what is not disputed. Defendants asserted—as undisputed material facts—a list of Ms. Oliver's claimed infringements that were for marketing purposes. Doc. 391 at 9–10 ("Plaintiff has listed the following as the marketing and promotional uses of ISQ she complains of in this case . . . ."). Plaintiff had the burden of disputing these facts and did not do so. Doc. 457 at 21–22 (indicating no opposition to the assertion that the activities had a marketing or promotional purpose). In fact, she affirmatively conceded Meow Wolf's uses of her

6

work were for marketing purposes: "the wholesale publication of Oliver's 'family-friendly' Space Owl as Defendants' defining 'trademark' image did more than market HoER. It served a larger purpose, to build market value of . . . Meow Wolf, Inc. . . ." *Id*. at 22; *see also* Doc. 563 at 16 ("Accordingly, as Defendants suggest and Plaintiff does not dispute, the terms "marketing" and "promotion" with respect to the HoER refer to activities designed to get people to visit the exhibition[.]").

Because Ms. Oliver did not specifically dispute that the listed uses were for marketing or promoting Meow Wolf, she is deemed to have admitted that fact. *See Graves v. Chaves County*, No. Civ. 07-865 BB/LCS, 2008 U.S. Dist. LEXIS 138849, at *2 (D.N.M. June 24, 2008) ("All material facts set forth in the statement of the movant will be deemed admitted unless specifically disputed) (citing D.N.M.L.R-Civ. 56(1)(b)); *Elmore v. Estate of Norman L. Gilbreath*, Civ. No. 13-862 JCH/LAM, U.S. Dist. LEXIS 184402, at *9 n.9 (D.N.M. Mar. 30, 2016) ("Absent identification of contrary evidence, these facts are deemed undisputed for purposes of the summary judgment motion") (citing *Grynberg v. Total S.A*, 538 F.3d 1336, 1345 (10th Cir. 2008)); *Taylor v. Pespi-Cola Co.*, 196 F.3d 1106, 1108 n.1 (10th Cir. 1999) ("The district court noted that Plaintiff is deemed to have admitted Defendants' submitted facts. N.D.LR 56.1(B) requires Plaintiff to present in his summary judgment response brief a concise statement of material facts as to which he contends a genuine issue exists, referring with particularity to those portions of the record upon which he relies. Failure to comply with this rule results in those facts not controverted being deemed admitted.").

From the admitted facts, the Court should apply Meow Wolf's implied marketing license to the listed uses in doc. 391 at 9–10 as a matter of law, and dismiss Ms. Oliver's remaining copyright claims relating to those uses.

## CONCLUSION

WHEREFORE, for all the foregoing reasons the Court should dismiss Ms. Oliver's remaining copyright infringement claims with prejudice.

Dated: August 28, 2023.

                                              Respectfully submitted,

                                              BARDACKE ALLISON MILLER LLP

                                        By: */s/ Benjamin Allison*
                                                Benjamin Allison
                                                Billy Trabaudo
                                                P.O. Box 1808
                                                141 E. Palace Avenue
                                                Santa Fe, NM  87504-1808
                                                (505) 995-8000
                                                ben@bardackeallison.com
                                                billy@bardackeallison.com

                                                *Counsel for Defendants Meow Wolf, Inc. and Vince Kadlubek*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON MILLER LLP

By: */s/ Benjamin Allison*
Benjamin Allison