IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAUREN ADELE OLIVER,

    Plaintiff,

v.                                                                                          Civ. No. 20-237 KK/SCY

MEOW WOLF, INC., *et al.,*

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION
## OF ORDER INVALIDATING COPYRIGHT REGISTRATION

Before the Court is Plaintiff's Motion for Reconsideration of Order Invalidating Copyright Registration (Doc. 568) ("Motion"), filed July 28, 2023. In the Motion, Plaintiff asks the Court to reconsider its July 5, 2023 Memorandum Opinion and Order (Doc. 566) ("July 2023 MOO"), in which the Court: (1) declared Plaintiff's copyright registration numbered VA 2-170-075 ("VA Registration") to be invalid; (2) declined to direct the Register of Copyrights to consider Plaintiff's application for supplementary registration while this litigation is pending; and, (3) declined to consider evidence Plaintiff submitted for the first time in a reply brief. (*Id.* at 23.) Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise sufficiently advised, the Court FINDS that Plaintiff has failed to meet her burden to persuade the Court to reconsider the July 2023 MOO. The Court will therefore DENY Plaintiff's Motion.

"[D]istrict courts generally remain free to reconsider their earlier interlocutory orders," *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007), and may "select the standard of review" they use to do so. *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 (D.N.M. 2019). Factors to be considered include how thoroughly the prior ruling addressed the point(s) the movant is challenging, and whether the movant has presented new controlling authority, new evidence, a

"good reason" for not presenting new evidence the first time around, and/or a "clear indication" that the prior ruling was erroneous. *Kruskal*, 429 F. Supp. 3d at 1024–25. "The court analyzes motions to reconsider by picking up where it left off in the prior ruling — not by starting anew" and "[t]he deck is stacked against a movant for reconsideration," who bears the burden of persuading the Court "that it should change its prior ruling." *Id.* at 1026.

In selecting the standard of review to apply to a motion to reconsider, courts sometimes look to Federal Rule of Civil Procedure 59(e), which addresses motions to alter or amend a judgment. *See, e.g., Sec. USA Servs., LLC v. Invariant Corp.*, Civ. No. 20-1100, 2022 WL 1045650, at *4 (D.N.M. Apr. 7, 2022). The Tenth Circuit has held that motions under Rule 59(e)

> are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, … the basis for the second motion must not have been available at the time the first motion was filed.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, under Rule 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

Here, the Court in its discretion finds that the Rule 59(e) standard of review provides a useful framework for deciding Plaintiff's Motion. Initially, both sides discuss and apply this standard of review in their briefing. (*See generally* Docs. 568, 572, 574.) Further, the standard appropriately balances the parties' competing interests where, as here, both sides have extensively addressed the points the movant is challenging in their prior filings, and the Court has thoroughly discussed these points in its prior orders.[1]

---

[1] The Court presumes that the parties are familiar with the factual and procedural background relevant to Plaintiff's Motion, which the Court has described in prior orders and will not repeat here. (Doc. 492 at 1-5; Doc. 566 at 2-7.)

Turning to the substance of the Motion, Plaintiff argues that the Court should reconsider its July 2023 MOO because: (1) Plaintiff has presented "[n]ew [e]vidence" to show that she did not knowingly include the decorative bench designed by Katherine Lee in her application for the VA Registration; (2) *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054 (9th Cir. 2022), is an "[i]ntervening [c]hange in [c]ontrolling [l]aw" pursuant to which Defendants must show that Plaintiff "and/or her attorney committed fraud on the Copyright Office by filing an application that they knew did not comply with the requisite legal requirements"; and, (3) "[t]o the extent the Court's invalidation of [the] VA Registration ultimately precludes [Plaintiff] from obtaining relief" for Defendants' alleged copyright infringements, "it would represent a manifest injustice." (Doc. 568 at 2-3, 9, 15.) However, none of these reasons persuades the Court to reconsider its July 2023 MOO.

First, the new evidence attached to the Motion was previously available to Plaintiff and she has not given a good reason for failing to present it earlier. The new evidence in question is the declaration of Plaintiff's copyright attorney, Stephen J. Strauss, which Plaintiff offers to show that Mr. Strauss included the at-issue bench in Plaintiff's application for the VA Registration "unknowingly."[2] (Doc. 568 at 4-5, 15-16; Doc. 568-4.) Plaintiff does not dispute that Mr. Strauss's declaration was previously available to her. (*See generally* Docs. 568, 574.) Rather, to explain why she failed to submit this evidence earlier, Plaintiff asserts that she and her counsel "have been focused on myriad other issues," "had to assess whether waiving attorney-client privilege was justified," and wanted to wait for the Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) (Doc. 529), filed February 3, 2023, before deciding whether to submit it. (Doc. 568 at 15-16.)

---

[2] Plaintiff also attaches other evidence to her Motion, but she does not argue that this other evidence is "new" and thus justifies reconsideration of the July 2023 MOO. (*See* Doc. 568 at 15-16.)

3

However, these proffered reasons do not adequately explain why Plaintiff failed to submit her new evidence at any time from November 2021, when she filed her response (Doc. 250) to Defendant Meow Wolf, Inc.'s Motion for Referral of Registration Questions under 17 U.S.C. § 411(b)(2) to the Register of Copyrights (Doc. 236), through April 2023, when she filed her response (Doc. 545) to Defendants' Motion to Invalidate Plaintiff's Copyright Registration (Doc. 538). Certainly, by April of 2023, Plaintiff and her counsel had had ample time to assess the Copyright Register's February 2023 response and whether waiving the attorney-client privilege was justified, in addition to handling "myriad other issues." (Doc. 568 at 15.) Yet they opted not to attach Mr. Strauss's declaration to Plaintiff's April 2023 response to Defendants' motion to invalidate, instead waiting until July 2023—*after* the Court had ruled against Plaintiff *for the second time* on the issue of her knowledge—to submit this evidence. (*See* Doc. 492 at 16; Doc. 566 at 9-13.)

As for Plaintiff's next proffered reason, *i.e.*, an intervening change in controlling law, the Ninth Circuit's decision in *Unicolors, Inc.*, 52 F.4th at 1054, is neither new nor controlling. Specifically, the decision was issued in November 2022, well before the Court's July 2023 MOO, and was issued by the Ninth Circuit, not the Tenth. *Id.* And finally, as for Plaintiff's third proffered reason, *i.e.*, manifest injustice, the Court is not persuaded that it would be manifestly unjust for Plaintiff to be precluded from pursuing some or all of her remaining copyright infringement claims in this case, for the reasons already stated in the July 2023 MOO. (*See* Doc. 566 at 21-22.)

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Order Invalidating Copyright Registration (Doc. 568) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent